THOMAS P. CAIN *vs.* HUGH NAWN CONTRACTING COMPANY.

Suffolk.    March 24, 1909. — May 21, 1909.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Agency,* Existence of relation, Scope of authority or employment.

At the trial of an action for personal injuries received by the plaintiff from driving upon a pile of loose dirt negligently left in a public way by the driver of a dump cart, there was evidence tending to show that when he thus left the dirt the driver of the dump cart was engaged in hauling dirt which the defendant was taking from an excavation, and was subject to the defendant's orders as to whither he should take it, that the team he was using was owned by a person who employed and paid him and from whom for a stipulated price the defendant hired the team with the driver, and that the owner gave the driver no directions from the time when he drove the team to the defendant's work until he returned. *Held,* that the inferences which should be drawn from the evidence as to the relations of the driver of the dump cart and the owner of the team and the defendant were not matters of law but questions of fact to be decided by the jury under suitable instructions; and that they were warranted in finding that the driver while hauling the dirt was acting solely as the servant of the defendant.

If, while the driver of a dump cart is hauling dirt to a destination designated by his employer along a public way, the dirt is dumped into the way either by a deliberate act of the driver or because of a defect in the cart, which is not owned by the employer, and the driver then fails to take the dirt to the destination designated, but negligently leaves it in the way, such negligent act of the driver is within the scope of his employment, and his employer is liable for injuries resulting therefrom to one lawfully travelling upon the way.

TORT for personal injuries received by the plaintiff while he was driving a hansom cab on Falmouth Street in Boston, and due to the cab's tipping over because it ran upon a pile of dirt alleged to have been left there negligently by an employee of the defendant. Writ in the Superior Court for the county of Suffolk dated November 1, 1905.

The case was tried before *Stevens*, J. There was evidence tending to show that Beckwith, mentioned in the opinion, was hauling dirt, which the defendant took from an excavation it was making at the corner of Washington Street and Avon Street in Boston, from that point to the " Fenway Dump." While going down Falmouth Street toward Massachusetts Avenue, his load was dumped into the street. There was evidence tending to show that the load was dumped because a pin was lost from the cart, and also evidence tending to show that Beckwith deliberately dumped it. It was the pile of dirt thus caused that the plaintiff drove upon when his cab tipped over. Other material facts are stated in the opinion.

At the close of the plaintiff's evidence, the defendant rested and requested the presiding judge to give eleven rulings, which in substance were that there was no evidence that Beckwith was a servant of the defendant or under its management or control, and that there was no evidence that, when he committed the act of negligence which caused the plaintiff's injury, he was acting within the scope of his authority.

The presiding judge refused to rule as requested, the jury found for the plaintiff ; and the defendant alleged exceptions.

*T. Hunt,* for the defendant.

*J. H. Vahey,* (*P. Mansfield* with him,) for the plaintiff.

BRALEY, J. While not expressly conceded, the plaintiff's due care was not controverted at the argument, and the question for decision is, whether there was any evidence for the jury of the defendant's negligence.

The accident occurred about midnight, by the plaintiff's carriage coming into collision with a pile of loose earth left unguarded in a public way by one Beckwith, while employed as a driver of a tip cart in hauling earth excavated by the defendant to a dump, where it was to be unloaded. It appeared from the evidence introduced by the plaintiff that the team was owned by one Woodbury, by whom Beckwith was employed and paid, and under whose orders the team had been driven to the subway where the earth was to be taken on and removed. The testimony of Woodbury showed that the defendant for a stipulated price had hired the team with the driver, and that, after the team left at night and until its return in the morning, during

which time the work was to be performed, he gave no directions to the driver.

If until he arrived at the subway the driver was the general servant of another, upon arrival and during the period of service, he received and obeyed orders when to load and where to go from the defendant's foreman. It may be assumed that, so far as reasonably necessary to care for and preserve the property, the driver as the owner's representative retained control of the team. *Kimball* v. *Cushman*, 103 Mass. 194. *Huff* v. *Ford*, 126 Mass. 24. The inferences which should be drawn from the evidence as to the relations of Beckwith to Woodbury and to the defendant were not matters of law as the defendant contends, but questions of fact to be decided by the jury under suitable instructions. *Preston* v. *Knight*, 120 Mass. 5, 8. *Driscoll* v. *Towle*, 181 Mass. 416. *Bowie* v. *Coffin Valve Co.* 200 Mass. 571.

When the ordinary test where a servant has been hired or lent to another is applied to ascertain whether at the time of the accident Beckwith was engaged in the defendant's work or in the service of his general employer, there was evidence from which the jury could find that, within the designated period, he was subject only to the authority of the defendant, to whose control he had voluntarily submitted himself. If they so determined, then Woodbury correspondingly had relinquished any right to command his movements while thus engaged, and a further inference, that in the matter of transportation he acted solely as the defendant's servant, would have been warranted. *Coughlan* v. *Cambridge*, 166 Mass. 268. *Driscoll* v. *Towle*, 181 Mass. 416. *Delory* v. *Blodgett*, 185 Mass. 126. *Oulighan* v. *Butler*, 189 Mass. 287, 290, 291. *Bowie* v. *Coffin Valve Co.* 200 Mass. 571. *Standard Oil Co.* v. *Anderson*, 29 Sup. Ct. Rep. 252.

But if he could be found to have become the defendant's servant, it is urged that he was not acting within the scope of his employment in leaving either the whole or a part of the load in the street. A master is liable for the wrongs committed by the servant when done in the prosecution of the master's business, but if the servant departs from his employment for purposes of his own, he alone is responsible for his tortious acts. The company in using the public ways for the prosecution of its business

could not render them dangerous and unsafe without being liable in damages to travellers who were injured. It undoubtedly was the duty of Beckwith, to whom the transportation had been intrusted, to proceed to the place of destination and not to leave the earth in the street, yet his failure, while in transit, to obey the order does not exonerate the defendant. *George* v. *Gobey*, 128 Mass. 289. *Grant* v. *Singer Manuf. Co.* 190 Mass. 489. In leaving a portion of the earth where it had fallen, when the whole could have been removed, he was still about the defendant's affairs and acting within the limits of his employment, whether the load had been deposited through the accidental loss of the pin causing the cart automatically to unload, or because he dumped its contents. *Hayes* v. *Wilkins*, 194 Mass. 223. The defendant accordingly must be held responsible for the injury to the plaintiff.

*Exceptions overruled.*