W. S. QUINBY COMPANY *vs.* HENRY E. ESTEY.

Suffolk.    March 4, 1915. — May 19, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Agency,* Existence of relation.

Where a wholesale dealer in tea and coffee hired from a general teamster a horse, wagon and driver for the sum of $29 a week to deliver merchandise for the dealer, and "had nothing to do with the care of the horse, wagon or harness or man, except to give the driver orders as to where to go for goods, or where to deliver goods," and had no right to regulate the hours of the driver or his manner of handling goods and, when he thought the driver ought to do more work, had

to take the matter up with the general teamster from whom he hired him, and where this driver carelessly lost certain chests of tea belonging to the dealer while carrying them from the wharf of a steamship company to the dealer's warehouse, in an action by the dealer against the general teamster for the loss of the tea, it can be found that the driver whose negligence caused the loss was the defendant's servant and was not the servant of the plaintiff.

CARROLL, J.  The plaintiff, who was a wholesale dealer in tea and coffee, hired from the defendant, who was a teamster, a horse, wagon and driver for the sum of $29 a week to deliver the merchandise of the plaintiff.  The driver, Day, was paid by the defendant, and, while he was carrying seventeen chests of tea belonging to the plaintiff from the Metropolitan Steamship Company's wharf to the warehouse of the plaintiff, they were lost.  This action is to recover their value.  The jury found specifically that the tea was lost through Day's carelessness and that he was not the servant or employee of the plaintiff.  The case is before us upon the defendant's exceptions to the refusal of the presiding judge *[*]* of requests of the defendant for rulings that, while Day was in the general employ of the defendant, he was so far under the direction and control of the plaintiff that he became its servant and ceased to be the servant of the defendant.

When a servant or agent in the general employ of one person is sent to work for another, he does not become the servant of the one to whom he is sent merely because the latter directs what work is to be done, or in what way it is to be done.  The original master remains liable and the employee remains his agent, unless the authority to direct and control the servant in all the details of the transaction is surrendered to some other person, so that the business in which the servant is engaged is no longer the business of his general employer, but is in all respects the business of the person to whom he is sent.  If the servant remains subject to the general orders of the man who hires and pays him he is still his servant, although specific directions may be given him by another person from time to time as to the details of the work and the manner of doing it.  *Tornroos* v. *R. H. White Co.* 220 Mass. 336.  *Hunt* v. *New York, New Haven, and Hartford Railroad,* 212 Mass. 102, 107.  *Hussey* v. *Franey,* 205 Mass. 413.

---

* *Hitchcock,* J., who, after the jury had returned their answers to the specific questions, ordered a verdict for the plaintiff in the sum of $460.19.

*Shepard* v. *Jacobs,* 204 Mass. 110.   *Oulighan* v. *Butler,* 189 Mass. 287.   *Delory* v. *Blodgett,* 185 Mass. 126.   *Driscoll* v. *Towle,* 181 Mass. 416.

It was for the jury to say what the contract of the parties was and what conclusions should be drawn from the evidence concerning the relations of Day to the plaintiff and to the defendant. *Cain* v. *Hugh Nawn Contracting Co.* 202 Mass. 237. A witness of the plaintiff testified that the plaintiff "had nothing to do with the care of the horse, wagon or harness or man, except to give the driver orders as to where to go for goods, or where to deliver goods. . . . The plaintiff had no right to regulate hours of the driver, . . . or to dictate to the driver if he did not suit the' plaintiff in handling freight. . . . If the plaintiff thought the driver ought to do more work, the plaintiff could not dictate to the driver, but had to take the matter up with the defendant." There was also evidence that "Day never trucked anybody else['s] goods but the plaintiff's, except when there was nothing to do at the plaintiff's store, the plaintiff might order Day to go to the defendant's stand, but in such instances the plaintiff would tell Day what hour to return." The plaintiff in his invoice book designated Day's team as "our team." The defendant testified that the plaintiff wanted "to put on a team by the week, handle it themselves and do their own work." He furnished the plaintiff a team and a driver for $29 a week, including holidays.

On this evidence the jury were authorized to find that Day was the servant of the defendant and not the servant of the plaintiff, and the requests of the defendant were refused properly.

*Exceptions overruled.*

*A. W. Putnam,* for the defendant.
*W. V. Taylor,* for the plaintiff.