In the Matter of the Claim of ROSE DALE, Respondent, *v.* SAUNDERS BROTHERS et al., Appellants.

STATE WORKMEN'S COMPENSATION COMMISSION, Respondent.

Workmen's Compensation Law — when doctrine of respondeat superior and rules of employers' liability not applicable to proceedings under the Compensation Law — decision of commission final on questions of fact.

1. The general employer who carries on a hazardous employment for pecuniary gain is liable for injuries sustained or death incurred by his employees in the course of and during their employment, although at the time they are away from the plant and to some extent under the direction of another than the employer who pays their wages.

2. The doctrine of *respondeat superior* has no application, nor are the rules of employers' liability for negligence controlling in applications for compensation provided for in the Workmen's Compensation Law (Cons. Laws. ch. 67). The decision of the commission is final as to all questions of fact (§ 20), and the jurisdiction of this court is limited to the review of questions of law.

3. The question who was the employer of deceased for whose death compensation is sought, and, therefore, liable therefor, examined and *held*, to have been properly and finally determined by the commission.

*Matter of Dale* v. *Saunders Brothers*, 171 App. Div. 528, affirmed.

(Argued April 14, 1916; decided April 25, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 15, 1916, which affirmed an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Frederick T. Pierson* for appellants. At the time of this accident the relation of master and servant as between Dale and Saunders Brothers, his general employer, was suspended. At the moment when Dale was fatally injured by the falling of Walsh's sand in Walsh's sand pit, he was in the special employment of Walsh, located by Walsh in a place provided by Walsh for the loading of the wagon as directed by Walsh. (*Sexton* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 678; 189 N. Y. 518; *McInerney* v. *D. & H. Canal Co.*, 151 N. Y. 411; *Cunningham* v. *Syracuse Improvement Co.*, 20 App. Div. 171; *Miller* v. *N. Hudson Contracting Co.*, 166 App. Div. 348; *Higgins* v. *Western Union Telegraph Co.*, 156 N. Y. 75; *Wyllie* v. *Palmer*, 137 N. Y. 248; *Gilber* v. *Kane Co.*, 2 St. Dept. Rep. 475; *Braun* v. *Martin*, 213 N. Y. 668; *Powley* v. *Vivian & Co.*, 154 N. Y. Supp. 426; *Cain* v. *H. M. Cont. Co.*, 202 Mass. 237.) As to Saunders Brothers, Dale at the time of the accident when he was fatally injured was not an " employee " within the definition because he was not at the time of the accident engaged " in a hazardous employment in the service of an employer (Saunders Brothers) carrying on or conducting the same upon the premises at the plant or in the course of his employment away from the plant." (*Pigeon's Case*, 216 Mass. 51; *Schmedes* v. *Deffaa*, 214 N. Y. 675; 153 App. Div. 819; *Gimber* v. *Kane Co.*, 2 St. Dept. Rep. 475; *Miller* v. *North Hudson Contracting Co.*, 166 App. Div. 348; *Matter of De Voe* v. *New York State Railways*, 169 App. Div. 472.)

*Egburt E. Woodbury, Attorney-General (Harold J. Hinman* of counsel), for respondent. The deceased was an employee of Saunders Brothers at the time of the accident. (*Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191; *Vasligato* v. *Yellow Pine Co.*, 158 App. Div. 551; *Weaver* v. *Jackson*, 153 App. Div. 661; *Hanatsek* v. *Wilson*, 161 App. Div. 634; *McGuire* v. *Auto Car*

*Sales Co.*, 150 App. Div. 278; *Schmedes* v. *Deffaa*, 153 App. Div. 819; *Hartell* v. *Simonson*, 164 App. Div. 873; *Driscoll* v. *Towle*, 181 Mass. 416; *Murray* v. *Dwight*, 161 N. Y. 301; *Quinn* v. *Complete El. Const. Co.*, 46 Fed. Rep. 506; *Joslyn* v. *Grand Rapids Ice Co.*, 50 Mich. 516.) Saunders Brothers were engaged in the practical business of trucking and the loading of the wagon was an incident to that business. (*Matter of Smith* v. *Pierce*, 168 App. Div. 421.) The determination of the question whether Dale continued in the employ of Saunders Brothers was one of fact for the commission. (*Howard* v. *Ludwig*, 171 N. Y. 507; *Miller* v. *N. H. Cont. Co.*, 166 App. Div. 348.)

POUND, J.   This is an appeal by Saunders Brothers, the general employer, from an order of the Appellate Division, third department, affirming by a divided court an award of the workmen's compensation commission made to Rose Dale, widow, and to the children, for the death of Frank Dale.   The only question in the case is whether Dale was employed by Saunders Brothers at the time of his death within the meaning of the Workmen's Compensation Act.   Saunders Brothers urge that he was the special employee of one Walsh and that the special employer should pay and the general employer should not.   The facts are undisputed and are as follows:

On October 10, 1914, the day when Dale received the injuries resulting in his death, he resided at 26 Cornell street, Auburn, New York, and was on that date, and for several years prior thereto had been, employed as a driver of a team and wagon by Saunders Bros., who were engaged in the business of brick making at Auburn, New York.   Saunders Bros. also hired out their teams for trucking purposes and furnished drivers with the teams and received therefor $5.50 a day for driver, team and wagon.   Walsh owned a sand bank adjoining the brick yard of Saunders Bros., one outlet of which was through the property of Saunders Bros.   On said date

Walsh requested of Saunders Bros. a team, wagon and driver for the purpose of having some sand delivered to Walsh's customers in the city of Auburn. Saunders Bros. sent Dale with a team and wagon. · This arrangement was frequently made between Saunders Bros. and Walsh. Upon receiving from Walsh an order for a team, Saunders Bros. selected the driver to go on the work with the team. The wages of Dale were paid by Saunders Bros., namely, $2.00 per day, Saunders Bros. receiving from Walsh for the team and driver $5.50 per day. The duties of Dale were to go to the Walsh sand pit, load his wagon with sand, and deliver the sand in the city of Auburn at places designated by Walsh. Walsh had no power to discharge Dale nor any control over him except to direct where the sand should be taken. Saunders Bros. saw Dale about every two hours during the day and sometimes gave directions as to how Dale should drive. On said date while Dale was assisting in loading the sand into the wagon on Walsh's premises, a sand bank fell on him, and crushed him against the wagon, causing injuries from which he died the same day.

In negligence cases the question often arises as to the proper application of the doctrine of *respondeat superior* when an employee whose negligence causes an accident is at the time in the general pay and service of one and under the control and direction of another. The latter has been held liable as a special employer when it could be said that the employee was his servant at the time of the accident in a sense and degree which served to impose liability for negligence. (*Higgins* v. *Western Union Telegraph Co.,* 156 N. Y. 75; *Howard* v. *Ludwig,* 171 N. Y. 507.) The question, who is the master, also arises at times in employees' actions for negligent injuries. But the question in this case is not one of responsibility for negligent injury inflicted upon strangers nor upon an employee. The doctrine of *respondeat superior* has no application here, nor are the rules of employers' liability

for negligence controlling. Compensation provided for in the Workmen's Compensation Act is payable for injuries sustained or death incurred by employees engaged in specified hazardous employments carried on by the employer for pecuniary gain (Workmen's Compensation Law, § 3, subd. 5), including the operation on streets and elsewhere of wagons drawn by horses. (Workmen's Compensation Law, § 2, group 41.) The word "employee" means a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, *or in the course of his employment away from the plant of his employer.* (Workmen's Compensation Law, § 2, subd. 4; *Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544.) Saunders Bros. carried on the business of trucking for pecuniary gain. No claim is made that Walsh was carrying on the business of trucking for pecuniary gain. Dale was working for Saunders Bros. as a teamster when he met the accident that caused his death. He was engaged in teaming, not in "the operation of a sand pit." (Workmen's Compensation Law, § 2, group 19.) The duties of a teamster properly include the loading of his wagon, and are not limited to the driving of the team. (*Matter of Costello* v. *Taylor,* 217 N. Y. 179.) All this seems clear, but in any event the decision of the commission is final as to questions of fact. (Workmen's Compensation Law, § 20.) The jurisdiction of this court is limited to the review of questions of law, and if any question is presented upon the facts stated as to whose employee Dale was it is one of fact only. (*Howard* v. *Ludwig, supra; Kellogg* v. *Church Charity Foundation,* 203 N. Y. 191.)

The order of the Appellate Division should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN and SEABURY JJ., concur; HISCOCK, J., concurs in result.

Order affirmed.