JOHN PEACH *vs.* FILIPPO BRUNO & another.

Suffolk.   December 1, 1915. — June 21, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Agency,* Existence of relation.

Where the owner of a horse and wagon lets them with a driver to carry merchandise from place to place as directed by a servant of the hirer who accompanies the driver for that sole purpose, the driver as matter of law is the servant of the owner of the horse and wagon and not the servant of the hirer.

TORT for damage to the plaintiff's horse, which caused its death, from being run into by a horse of the defendant that was running away owing to the alleged negligence of its driver, who was alleged to have been the agent and servant of the defendant. Writ in the Municipal Court of the City of Boston dated December 5, 1913.

At the trial in the Municipal Court the judge found among others the following facts: "The defendant hired of one Cohen a team consisting of a horse, harness, wagon and driver to assist him in the transportation of certain goods, wares and merchandise. The horse was at all times under the control of the driver furnished by Cohen and was under his guidance and direction at the time of the accident. The defendant's servant and agent was with the team at the time of the accident but simply directing the driver where to obtain the merchandise and where to deliver it. He had nothing whatever to do with driving the horse."

On the facts found by him the judge ruled that there was no evidence of negligence on the part of the defendant.

At the request of the plaintiff the judge reported the case to the Appellate Division, who ordered that the report be dismissed, and the plaintiff appealed.

The case was submitted on briefs.
*E. C. Jenney,* for the plaintiff.
*T. T. Zottoli,* for the defendant Bruno.

LORING, J. This appeal is wholly without merit. Where (as in the case at bar) the defendant hires from another person a horse, wagon and driver to carry merchandise from place to place as di-

rected by the defendant's servant who accompanies the driver for that purpose alone, and nothing more appears, as matter of law the driver is the servant of the owner of the horse and wagon and not of the defendant. Nothing is better settled. The cases are collected in *Shepard* v. *Jacobs,* 204 Mass. 110.

The cases relied on by the plaintiff (*Boomer* v. *Wilbur,* 176 Mass. 482, *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335, and *Thompson* v. *Lowell, Lawrence & Haverhill Street Railway,* 170 . Mass. 577) have nothing to do with this case.

*Order affirmed.*