JAMES F. CLANCY'S (dependent's) CASE.

Hampden.    September 24, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Agency*, Existence of relation.    *Workmen's Compensation Act.*

Where a city hires from a master teamster horses, a cart and a driver to carry material from one place to another as the officers or servants of the city may direct, the driver being left to deal with the horses in his own way, the driver is not in the employ of the city within the meaning of St. 1913, c. 807, § 6, extending the provisions of the workmen's compensation act to such cities as vote to accept the statute and providing that "this act shall apply to all laborers, workmen and mechanics in the service of . . . a . . . city . . . under any employment or contract of hire, express or implied, oral or written."

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board upon the claim of Harold Clancy as

the alleged dependent of James Francis Clancy, an alleged employee of the city of Springfield, which had accepted the provisions of St. 1913, c. 807. In the decision appealed from the board found and decided that there was no contract of hire, express or implied, oral or written, within the meaning of § 6 of that statute and of St. 1911, c. 751, Part V, § 2, between James Francis Clancy, the deceased employee, and the city of Springfield, and therefore dismissed the claim for compensation.

The case was heard by *Fox*, J. The facts as agreed upon are stated in the opinion. The judge made a decree dismissing the claim in accordance with the decision of the Industrial Accident Board. The alleged dependent appealed.

The case was submitted on briefs.

*N. M. Harvey & J. H. Mulcare*, for the dependent.

*C. H. Beckwith & R. H. Tilton*, for the city of Springfield.

RUGG, C. J. The agreed facts show in substance that the deceased as teamster had charge of horses and a cart owned by one McGillicuddy, in whose general employ he was. His duties were to take care of, control and drive the horses and team. It was the custom of McGillicuddy, whenever the team was not otherwise in use, to send his driver with the team to the city yards of the city of Springfield and inquire whether or not there was any carting to be done on that particular day and, if there was any to be done, the driver was told to whom and where to report; and then was given information as to what to get and to what place to take his load; this was the only authority exercised over him by any official of the city. The driver of the team was under no obligation to do any loading or unloading, and the city, its officers, agents or servants gave no direction as to the manner of driving the team and had no power to place any other driver in charge of it. There was no understanding between the city and McGillicuddy as to the length of time that carting should be done by his team and driver, and he was under no obligation to come at any particular time and he could take his team from the work at any time. The only obligation resting on the city was to pay him at the rate of $5.25 per day for whatever work was done. The deceased was not on the pay-roll of the city but was paid by McGillicuddy. While working thus in September, 1915, Clancy received mortal injuries by being thrown to the

ground because the wheel of his cart came in contact with a standpipe in the street. His dependent seeks compensation from the city of Springfield under the workmen's compensation act. The pertinent provision is St. 1913, c. 807, § 6, in these words: "This act shall apply to all laborers, workmen and mechanics in the service of . . . a . . . city . . . under any employment or contract of hire, express or implied, oral or written."

It is plain that there can be no recovery. The deceased had no contract of any kind with the city. His contract of employment was exclusively with McGillicuddy, who alone was responsible for his wages. This is the plain case where the city hired from another horses, cart and driver to carry material from one place to another as its servants or officers might direct, the driver being left to deal with the horses in his own way. As was said in *Peach v. Bruno,* 224 Mass. 447, nothing is better settled under such circumstances, when nothing more appears, than that as matter of law the driver is the servant of the owner of the horses and not of the one who hires them. *Shepard v. Jacobs,* 204 Mass. 110. *Tornroos v. R. H. White Co.* 220 Mass. 336. *W. S. Quinby Co. v. Estey,* 221 Mass. 56. This principle of law applies as well to claims arising under the workmen's compensation act as in other branches of the law. *Pigeon's Case,* 216 Mass. 51. The case at bar is well within the authority of the first point decided in *Comerford's Case,* 224 Mass. 571. The decision of the Industrial Accident Board was right.

*Decree affirmed.*