## ALBERT M. EMACK'S (dependent's) CASE.

Suffolk.    March 12, 1919. — April 16, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Employer.    *Agency*, Existence of relation.

In a claim by a dependent widow under the workmen's compensation act, it appeared that the deceased employee was employed by a construction company as the engineer in charge of a locomotive crane, that the crane was let to a contracting corporation with the employee furnished as engineer and another man furnished as fireman, to act as auxiliary to derricks and to provide motive power for getting piles from a pile yard to a wharf, that, when this crane by the order of the contracting corporation was being used with its engineer and fireman to hoist an unusually heavy engine from the deck of a lighter to a flat car, it became unbalanced by the heavy burden and turned over on its side scalding severely the engineer, who died in a few hours. Both the construction company and the contracting corporation were insured under the workmen's compensation act. On the evidence before the Industrial Accident Board it could have been found that the crane was a complicated machine, requiring experience and skill in its operation, that the deceased employee was an experienced engineer and that the control of the crane was left entirely to him, with no direction for its management given by the contracting corporation. The Industrial Accident Board found that the deceased employee did not become the servant of the contracting corporation in the care and management of the locomotive crane, but in this respect remained the employee of his general employer, the construction company. The board awarded compensation to be paid by the insurer of the construction company, and this award was affirmed by a decree of the Superior Court. *Held*, that the question was one of fact, and, there being evidence to support the finding of the Industrial Accident Board, it could not be set aside.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board awarding compensation to Mabel B. Emack, the dependent widow of Albert M. Emack, against the Contractors Mutual Liability Insurance Company, the insurer of the Aberthaw Construction Company, in whose employ the deceased employee was alleged to have been at the time of his injury on March 17, 1918, as described in the opinion, and dismissing the claim of the dependent widow against the Travelers Insurance Company, the insurer of the Holbrook, Cabot and Rollins Corporation.

The case was heard by *Fox, J.* The facts which could have been found upon the evidence reported by the Industrial Accident Board are described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board, which awarded compensation against the Contractors Mutual Liability Insurance Company, as the insurer of the Aberthaw Construction Company, and dismissed the claim against the Travelers Insurance Company, as the insurer of the Holbrook, Cabot and Rollins Corporation. The dependent widow appealed from so much of the decree as dismissed the claim against the Travelers Insurance Company. The Contractors Mutual Liability Insurance Company appealed from the whole decree.

*P. F. McCarty,* for the dependent widow.

*N. F. Hesseltine, J. F. Scannell & J. W. Bond,* for the Contractors Mutual Liability Insurance Company, submitted a brief.

*L. C. Doyle,* for the Travelers Insurance Company.

CARROLL, J. Albert M. Emack, employed by the Aberthaw Construction Company as the engineer in charge of a locomotive crane, received a fatal injury. The Holbrook, Cabot and Rollins Corporation, a subcontractor, on March 13, 1918, wrote to the Aberthaw company stating that it required a locomotive crane to act "as auxiliary to our derricks, also to provide motive power for getting piles from the pile yard out to the wharf. We understood from Mr. Garrod that the crane would be forthcoming and could be held absolutely at our disposal for the continuance of our work." On the following day the supervisor of the Aberthaw company replied saying, that the company "has furnished you at Squantum this morning, March 14, 1918, with one locomotive crane equipped with a 50 ft. boom, and one standard flat car. . . . Please note that the Aberthaw Construction Company will furnish the engineer and fireman on the locomotive crane throughout its work for you."

Sunday morning (March 17, 1918), Green, a rigger employed by the Holbrook, Cabot and Rollins Corporation, ordered Emack to go to the dock and hoist an engine from the deck of a lighter to a flat car. The crane was run down to the dock, employees of the subcontractor adjusted the chains about the engine and connected them with the hoisting tackle of the crane. The crane was equipped with jacks to support the platform when

lifting, and clamps to fasten the crane to the rail. Neither the jacks nor clamps were in use when the employee was killed. Before attempting to hoist the engine, Emack's fireman asked Green its weight, to which Green replied, "From four and a half to five tons;" the fireman then said, "You think that is a thirty-foot radius?" and Green answered, "Yes." The fireman then looked at the guide-plate on the crane and saw that with a thirty-foot radius the crane could lift eleven thousand five hundred pounds. After this conversation, Green gave Emack the signal to hoist the engine. As soon as the crane started it became unbalanced by the heavy burden and turned over on its side, so severely scalding Emack that he died in a few hours.

Both the Aberthaw company and the Holbrook company were insured under the workmen's compensation act. The Industrial Accident Board awarded compensation against the insurer of the Aberthaw Construction Company in favor of Mrs. Emack, the employee's widow. She appealed in order to protect her rights against the Holbrook, Cabot and Rollins Corporation, in case it should be found that the Industrial Accident Board was in error. The insurer of the Aberthaw company also appealed.

Where a person, in the general employ of a contractor, assists with a machine or other appliance belonging to the contractor in the work of an employer to whom the servant is lent, the person so lent may become, with his consent, the servant of the special employer. But in such a case it will be presumed that in the management of the machine or appliance the employee in charge remains the servant of the general employer and does not become the servant of the special employer. *Driscoll* v. *Towle*, 181 Mass. 416. *Shepard* v. *Jacobs*, 204 Mass. 110. *Pigeon's Case*, 216 Mass. 51. *Peach* v. *Bruno*, 224 Mass. 447. *Clancy's Case*, 228 Mass. 316. *Scribner's Case*, 231 Mass. 132.

This presumption, however, may be overcome by evidence to the contrary; and the facts may be such as to warrant the finding that the owner of the machine has so far surrendered the right of control that even in this particular the person in charge of the machine has become the servant of the special employer. See, in this connection, *Scribner's Case, supra; Cain* v. *Hugh Nawn Contracting Co.* 202 Mass. 237.

In the case at bar there was evidence upon which the In-

dustrial Accident Board could have found that Emack, in the operation and management of the locomotive crane, became the employee of the Holbrook, Cabot and Rollins Corporation. The correspondence between the two corporations indicates that the crane was to be at the disposal of the Holbrook, Cabot and Rollins Corporation. There was evidence that, when Emack and his fireman started the work for the Holbrook company, they were informed by the master mechanic of the Aberthaw company "to do absolutely as they were told by the subcontractor," and that they made no objection to this direction. But the Industrial Accident Board was called upon to decide a question of fact; and it might well have found that, even if Emack was temporarily in the employ of the Holbrook, Cabot and Rollins Corporation, in the care and operation of the crane he remained the employee of the Aberthaw company. It could have found that the crane was a complicated machine, requiring experience and skill in its operation; that Emack was an experienced engineer and the control was left entirely to him, with no direction for its management given by the Holbrook company. It does not appear that any one employed by the subcontractor understood how to operate the crane and the master mechanic of the Aberthaw company testified that "Mr. Emack was supposed to know what the crane would lift on a certain job, and it was left to Mr. Emack to use his judgment as to how much he should lift. If Mr. Emack was told to lift a greater load than the crane would stand, he would be supposed to say that the crane would not stand it," and "for the protection of the crane as property of the Aberthaw company . . . was expected to do only work which would not endanger the crane." On this evidence the board found that Emack did not become the servant of the Holbrook, Cabot and Rollins Corporation in the care and management of the locomotive crane, but in this respect remained the employee of the general employer. We cannot say that this finding was wrong. The question was one of fact; there was evidence to support the finding, and we cannot set it aside.

*Decree affirmed.*