ESTHER DENISON, Appellant, v. HARRY ESPEY, Respondent.— Judgment and order unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. LILLIAN DIBBLE, Appellant, v. TURNER CONSTRUCTION COMPANY and Another, Respondents.— Decision reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that a finding should have been made as to whether deceased suffered sunstroke because he was subjected to a special and increased hazard not common to the public in general, but due to the particular circumstances under which he was working. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. JAMES DUGGAN, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that no finding has been made that the claimant was suffering from permanent disability. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. MARY DUNNE, Respondent, v. COSTIS TAKIS (GOODY SHOP) and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. FRANK FLECKENSTEIN, Respondent, v. GEORGE SCHWENN and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board, on the authority of *Matter of Dale* v. *Saunders Brothers* (218 N. Y. 59).

Before STATE INDUSTRIAL BOARD, Respondent. HARRY GANTELMAN, Respondent, v. FRANK HAGEN and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence to sustain the finding that claimant has a wage-earning capacity of fifty per cent of his average weekly wages before his injury. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. ESSIE GROVEMAN, Respondent, v. BEN GANZ, INC., and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no legal evidence that claimant was disabled by traumatic neurosis as found by the Board. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. V. GULLOTTA, Respondent, v. FRIESTEDT UNDERPINNING COMPANY and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there was no legal proof of the occurrence of an accident as found by the Board. All concur.

PHILO A. KENT and Another, Appellants, v. BURROS REALTY CORPORATION, Respondent. T. JOSEPH DONNELLY and Others, Appellants, Impleaded with JOSEPH B. BUWEN and Others, Defendants.— Judgment modified by deducting $220 from the claim of the owner, and by providing that said sum, together with $139.28, the balance described in the judgment, be applied in payment of the claim of Robert L. Rose for $268 and interest thereon as found, and that the costs and disbursements of this appeal be allowed to Robert L. Rose, and such balance as shall remain after the payment of the claim of Robert L. Rose, above mentioned, to be applied in payment of said costs and disbursements; and as so modified judgment unanimously affirmed.