## HEISSON v. DICKINSON.

Circuit Court of Appeals, First Circuit.
October 28, 1929.

No. 2355.

J. Alfred Anderson, of New York City, for appellant.

John P. Carr and John N. Worcester, both of Boston, Mass. (Pitt F. Drew and Drew & Carr, all of Boston, Mass., on the brief), for appellee.

Before ANDERSON, Circuit Judge, and MORRIS and HALE, District Judges.

HALE, District Judge. The defendant, Charles T. Dickinson, was engaged in constructing a reservoir in the town of Lunenburg, Mass., situated about nine miles from Fitchburg, where the plaintiff lived. The plaintiff was employed by the defendant in chopping wood and burning brush in Lunenburg. When he had been so employed about three weeks and had been traveling in his own automobile from his home to his place of employment, the plaintiff inquired from the defendant's superintendent how he could get to work in case he sold his own automobile. The plaintiff's testimony is that the superintendent replied that, if he would pay 20 cents a day, Mr. Dickinson would take him back and forth, and that the plaintiff said, "I will do that," and that after that he began to travel with the truck. In cross-examination he says, "I did not know whose trucks they were; I didn't make any inquiries; didn't take any notice of them." He testifies that thereafter he was carried in a truck from Fitchburg to Lunenburg and from Lunenburg to Fitchburg, and that 20 cents a day was deducted from his pay every week; that the defendant's timekeeper kept count of all that went in the truck back and forth; that on February 16, 1926, while plaintiff was riding to his place of employment, the state road on which he was transported was down grade, snowy, icy, and full of holes and ruts;

that the truck was traveling from 25 to 30 miles an hour, when some of the men in the truck told the driver not to go so fast; but that the truck continued at the same rate of speed, and that the left forward wheel went off of the road on top of a bank, and the truck tipped over on the right side, and plaintiff was injured. He brought an action of tort against the defendant, seeking to recover damages, and alleging that the defendant for a valuable consideration agreed to transport him from Fitchburg to his place of employment and back to Fitchburg, and that it was the defendant's duty to safely transport him, but that the defendant neglected his duty, and by his agent, so carelessly and negligently operated a motor vehicle in which plaintiff was riding that the motor vehicle was tipped over; and that thereby he (the plaintiff) was injured. There is testimony that the truck was being driven about 30 miles an hour before the accident, and that it "struck a snow bank and over it went."

William Brown, a witness for plaintiff, in cross-examination, testified that he knew the truck was owned by the Brewer Ice Company, and that the Brewer Ice Company's man drove the truck, and that, as he understood it, an arrangement had been made with the Brewer Ice Company to carry the men and to pay for it, and that $1.20 a week was to be taken out of his pay to pay for transportation.

At the close of the evidence for the plaintiff, the District Court directed a verdict for the defendant. The plaintiff excepted, petitioned for appeal, and assigned as error that the court erred in directing the jury to return a verdict for the defendant. The case comes before us upon this appeal.

▮▮ The defendant contends that, adopting the view of the evidence most favorable to the plaintiff, there is no ground for finding that the injury suffered was caused by the employer's negligence; that the fact of an accident carries with it no presumption of negligence on the part of the employer; and that an injured employé must show affirmatively by a preponderance of evidence that the employer has been guilty of negligence. Texas & Pacific Railroad v. Barrett, 166 U. S. 617, 17 S. Ct. 707, 41 L. Ed. 1136; Patton v. Texas & Pacific Railway Co., 179 U. S. 658, 663, 21 S. Ct. 275, 45 L. Ed. 361.

The defendant urges that the testimony leads to but one possible conclusion, namely, that the Brewer Ice Company was conducting a business of transporting the defendant's employés; that the defendant did not employ that company or its driver, and did not exercise any authority over the driver; that

the defendant's only connection with the transaction was that, for the convenience of the men and of the Brewer Ice Company, he had agreed to deduct from the men's wages such sums as each owed to the Brewer Ice Company for transporting the men; and that under all the testimony the defendant was not responsible for the acts of the driver of the truck. In Peach v. Bruno, 224 Mass. 447, 113 N. E. 279, upon which case defendant relies, the Massachusetts court held that, where the defendant hires from another person a horse and wagon and driver to carry merchandise from place to place, as directed by the defendant's servant who accompanies the driver for that purpose alone—and nothing more appears—as a matter of law the driver is the servant of the owner of the horse and wagon and not of the defendant.

In the case before us we cannot say from the testimony that "nothing more appears" than facts as stated in Peach v. Bruno. We think from the evidence, and from the inferences to be drawn therefrom, that the jury were entitled to say what the contract of the parties was, and what conclusions should be drawn concerning the relations of the plaintiff and the Brewer Ice Company. Quinby v. Estey, 221 Mass. 56, 108 N. E. 908; Cain v. Hugh Nawn Contracting Co., 202 Mass. 237, 239, 88 N. E. 842.

Upon questions of negligence, a case should not be withdrawn from the jury, unless the conclusion follows as a matter of law that no recovery can be had upon any view which can properly be taken of the facts which the evidence tends to establish. Gardner v. Michigan Central Railroad, 150 U. S. 349, 14 S. Ct. 140, 37 L. Ed. 1107; Grand Trunk R. Co. v. Ives, 144 U. S. 408, 417, 12 S. Ct. 679, 36 L. Ed. 485; Texas & P. R. Co. v. Cox, 145 U. S. 593, 606, 12 S. Ct. 905, 36 L. Ed. 829; Marion County Commissioners v. Clark, 94 U. S. 278, 24 L. Ed. 59; Cabot v. Kingman, 166 Mass. 403, 406, 44 N. E. 344, 33 L. R. A. 45.

Upon a careful examination of all the evidence we are of the opinion that the case shows some affirmative testimony upon which the jury might have found that the defendant assumed a duty to the plaintiff of reasonably safe transportation for hire, and that an agent of the defendant was negligent in the performance of that duty. We think the case should not have been withdrawn from the jury.

The judgment of the District Court is reversed, the verdict set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.