DENNIS C. McCARTHY'S (dependent's) CASE.

Suffolk.    November 20, 1918. — November 22, 1918.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.   Proximate Cause.*

A finding of the Industrial Accident Board, that the death of an employee from acute miliary tuberculosis did not result from abrasions on his leg and foot received four months and a half earlier in the course of and arising out of his employment, is a finding of fact which will not be disturbed, if warranted by the evidence, as it was in the present case.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board refusing to award compensation to Ellen McCarthy, the dependent widow of Dennis C. McCarthy, late of Boston, who was employed as a helper on a wagon of Rueter and Company, Incorporated, for the death of the employee from tuberculosis on February 2, 1915, alleged to have

resulted from an injury received by him on September 14, 1914, which aggravated and accelerated the disease.

The case was heard by *McLaughlin,* J. It appeared by the report of the Industrial Accident Board that the arbitration committee found, "Upon all the evidence, that the personal injury received by the employee on September 14, 1914, had no causal relation to his death by reason of a condition of acute miliary tuberculosis on February 2, 1915, and therefore dismissed the claim for compensation filed by his widow." At the hearing before the Industrial Accident Board no new evidence was introduced, the case being considered by the board upon the facts reported by the arbitration committee. The character of that evidence is described in the opinion. The board, having reviewed the evidence as reported to them, affirmed and adopted the findings and decision of the arbitration committee.

The judge made a decree in accordance with the decision of the Industrial Accident Board; and the dependent widow appealed.

The case was submitted on briefs.

*B. J. Killion & C. Toye,* for the dependent widow.

*J. W. Cronin & F. A. Carroll,* for the insurer.

BY THE COURT. It has been decided repeatedly that the decisions of the Industrial Accident Board upon questions of fact stand upon the same footing as the verdict of a jury or the finding of a judge and are not subject to review. The only question in that connection is whether there is any evidence to support the decision. *Pigeon's Case,* 216 Mass. 51. *Moran's Case,* 230 Mass. 500. *Knight's Case, ante,* 142.

The crucial question in the case at bar was, whether any causal connection was shown between the disease known as acute miliary tuberculosis, which resulted fatally to the employee on February 2, 1915, and the abrasions on his leg and foot, received in the course of and arising out of his employment on the fourteenth of the preceding September. The record shows that while there was some testimony tending to show that there was such connection, there was other testimony tending to show that there was no such connection. Its weight and credibility were for the Industrial Accident Board. The decision of the board in favor of the insurer has ample support in the evidence and cannot be set aside.

*Decree affirmed.*