JOHN H. HOGAN'S CASE.

Suffolk.    March 29, 1920. — June 24, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Employer. *Agency*, Existence of relation.

A teamster in the general employ of a firm drove his team from his employer's stable to the "stand" of another firm, from whom he received only general directions to go to a freight house, get some wool and deliver it where ordered. In the doing of the work he was left entirely to himself. His wages were paid

by his general employer and he was subject to that employer's orders as to the management of the team. In unloading wool at a warehouse of a third firm, apparatus, furnished by that firm but attached by him to the load, broke away and he was injured. In proceedings under the workmen's compensation act, it was *held*, that

(1) In the absence of evidence showing control of the teamster by the second firm, it was presumed that authority over him remained in the general employer;

(2) A finding was warranted that the teamster when injured was in the employ of his general employer;

(3) A decree directing that compensation be paid by the insurer of the general employer was warranted.

CERTIFICATION under the workmen's compensation act of a decision of the Industrial Accident Board awarding compensation to the claimant, to be paid by the insurer of M. J. McCarthy and Company, in whose employ the claimant was found to have been when injured.

In the Superior Court, by order of *Wait*, J., a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer of M. J. McCarthy and Company appealed.

*H. S. Avery*, for the insurer, submitted the case on a brief.

*A. T. Good & H. V. Cunningham*, for the employee, submitted the case without argument or brief.

CARROLL, J. John H. Hogan, the employee, at the time he received the injury complained of, was a teamster in the general employ of M. J. McCarthy and Company. On the morning of the accident he drove the team from the general employer's stable to the Youlden, Smith and Hopkins' "stand" on Atlantic Avenue, Boston, and received an order from the foreman of that company to go to the freight house for some wool and deliver it at the storehouse of the owner. Two loads had been disposed of, and as the employee was delivering the third to the firm of Cordingly and Company at its warehouse on Summer Street, he was injured. In unloading the wool a rope and tackle owned by Cordingly and Company were used. The rope was lowered from the building to the wagon by an employee of Cordingly and Company, and Hogan fastened the tackle to one of the bags of wool, which in some way broke away from the fastening and fell upon him. Both M. J. McCarthy and Company and Youlden, Smith

and Hopkins were insured. The Industrial Accident Board found that Hogan was in the employ of M. J. McCarthy and Company when injured, and awarded compensation. From a decree of the Superior Court sustaining this finding, the insurer of M. J. McCarthy and Company appealed.

The question we have to decide is whether the finding of the Industrial Accident Board, that Hogan when injured was in the employ of M. J. McCarthy and Company, was wholly unsupported by the agreed facts and the evidence. The employee received his wages from the general employer, and in the management of the team was its servant. He was doing the work of a teamster under the special employment of Youlden, Smith and Hopkins precisely as he would have done it under his general employment if the owner of the wool had hired the general employer to do the teaming. No specific instructions were given to Hogan by Youlden, Smith and Hopkins as to the manner of delivering or unloading the wool, only the most general directions were given him, he was told to go to the freight house, get the wool and deliver it where ordered; in doing the work of loading and unloading, of transporting and delivering it, he was left entirely to himself, and no further directions were given him by Youlden, Smith and Hopkins. It is the ordinary work of a truckman to unload that which he has carried, and it could be found to be within the scope of the authority of the general employer to give specific orders to such driver, as was the employee, as to the manner in which he was to unload the wool. At least in the absence of evidence showing such control by Youlden, Smith and Hopkins, it may be presumed that the authority still continued in the general employer. The case at bar is to be distinguished from *Scribner's Case*, 231 Mass. 132, where the right and exercise of specific control as to the work of the employee passed from the general to the special employer. It might have been found (as it was found by the Industrial Accident Board), that the work which Hogan was doing when injured was within the general control of M. J. McCarthy and Company, and not of Youlden, Smith and Hopkins; and that the act of the employee at the time of the injury was one in which, under the practice of the parties, the employee continued subject to the direction and control of his general employer, and did not become subject to that of the

company to whom he was lent or hired. The case comes within the principle and authority of *Clancy's Case,* 228 Mass. 316, and *Emack's Case,* 232 Mass. 596. And see *W. S. Quinby Co.* v. *Estey,* 221 Mass. 56; *Poulson* v. *John Jarvis & Co. Ltd.* 122 L. T. Rep. 471.

*Decree affirmed.*