## J. RAYMOND FOSTER'S (dependents') CASE.

Suffolk.   March 24, 1922. — July 5, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Compensation.   *Evidence,* Presumptions and burden of proof, Matter of conjecture.

At the hearing of a claim under the workmen's compensation act there was evidence that the employee, a boy sixteen years old and six feet two inches tall, was employed by a retail merchant as a stock boy; that about 4:30 P. M. on a day in November he was sent by his superior on an errand from the second to the fourth floor of the store; that his most convenient route was by a stairway beside an elevator well within which a heavy iron counterweight ran up and down in grooves; that a wainscot about four and a half feet high separated the wall from the stairway and the distance between the latter and the weight when the weight passed it was about eighteen inches; that the width of the opening above the wainscot was about three feet and extended to the ceiling and was unenclosed in violation of St. 1913, c. 806; that a terrible crash and a yell were heard, the elevator was jarred and the employee was found lying near the bottom step of the stairway with a fractured skull; that afterwards one side of the weight was found out of the wooden grooves, one side of which was broken, and there were marks on the top of the wainscot. There were no eye-witnesses to the accident. A single member of the Industrial Accident Board found that the injuries arose out of and in the course of the employment and were due to serious and wilful misconduct in failure to guard the counterweight as required by law and awarded double compensation, which finding was affirmed by the Industrial Accident Board.   Upon certification to the Superior Court single compensation was decreed and both claimant and insurer appealed.   *Held,* that

(1) A finding was warranted that the death of the employee was caused by crushing injuries to his head and neck received from the counterweight;

(2) The theory that the injury was received from a cause outside the employment was as consistent with the evidence as was the supposition that it arose out of the performance of something connected with the employee's service;

(3) It was not sufficient that a belief was warranted that it was more likely to occur in one way than another unless some facts justified that conclusion;

(4) For the claimant to prevail, there must be evidence affirmatively supporting a finding that the injury in fact was received from a cause arising from the employment;

(5) The employer's violation of the rules and regulations established for the maintenance of elevators shed no light upon the manner in which the employee's head got within the opening; it merely furnished the opportunity;

(6) A decree for the payment of compensation was not warranted from the evidence and must be reversed.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision of the Industrial

Accident Board that the death of J. Raymond Foster on November 26, 1920, was caused by crushing injuries to his head and neck received on that day from the counterweight of an elevator in the store of his employer, R. H. White Company, which arose out of and in the course of his employment by reason of the serious and wilful misconduct of his employer, and awarding the claimants double compensation. Material evidence is described in the opinion.

In the Superior Court by order of *Sanderson*, J., a decree was entered awarding the claimants single compensation. The insurer and the claimants appealed.

*F. J. White*, for the claimants.

*L. C. Doyle*, for the insurer.

*E. Hutchins*, (*H. LeB. Sampson* with him,) for the employer.

JENNEY, J. The deceased employee, J. Raymond Foster, in the course of his employment by the R. H. White Company as a stock boy, was sent on an errand from the second to the fourth floor of the employer's store. His most convenient route was by a stairway, beside an elevator well within which a heavy iron counterweight ran up and down in grooves. A wainscot about four and one-half feet in height separated the well from the stairway, and the distance between the latter and the weight, when the weight passed by it, was three inches. At one time a metal grille about eighteen inches wide had been placed in the opening above the wainscot, but it had been removed before the accident. The width of the opening was about three feet and it extended to the ceiling. The failure completely to enclose the elevator well was a violation of the regulations adopted under St. 1913, c. 806. See G. L. c. 143, §§ 65–68.

There were no eye-witnesses to the accident. A terrible crash and a yell were heard and the elevator jarred. Afterwards one side of the weight was out of its wooden grooves, one of which was broken, and there were marks on the top of the wainscot. The employee was found lying with his head on the lower step and his feet on the second or third step. The finding that his death was caused by crushing injuries to his head and neck received from the counterweight was clearly justified.

The decision of the single member of the Industrial Accident Board was that the condition was so dangerous and obvious that the boy, who was sixteen years old and six feet two inches in height,

would not have been likely to insert his head in the space purposely and that the accident happened to him in the course of his employment; the member further decided that double damages should be paid because the injury had been caused by serious and wilful conduct within the terms of the workmen's compensation act. G. L. c. 152, § 28. In the Superior Court a decree was entered directing the payment of single compensation. Appeals were entered by the dependents and by the insurer.

It is not known what the employee was actually doing at the time of the accident; that is left to surmise, speculation, and conjecture. The theory that the injury was received from a cause outside the employment is as consistent with the facts as is the supposition that it arose out of the performance of something connected with the employee's service. It is not sufficient that a belief is warranted that it was more likely to occur in one way than in another unless some facts justify that conclusion. Even if the assumption that the employee fell on the stairs and that in falling his head came within the opening is more rational than that he voluntarily thrust his head into a place of danger from idle curiosity or other reason, this assumption cannot take the place of evidence. To prevail, the claimants must go further, and although the foundation may be weak, it must affirmatively support a finding that the injury in fact was received from a cause arising from the employment. This it did not do. *Sponatski's Case*, 220 Mass. 526. *Savage's Case*, 222 Mass. 205. *Sanderson's Case*, 224 Mass. 558. *Dube's Case*, 226 Mass. 591. *McMahon's Case*, 236 Mass. 473.

*Von Ette's Case*, 223 Mass. 56, does not govern. There the finding in favor of the dependent was supported because in the absence of evidence of suicide the presumption against the commission of a crime was sufficient to eliminate all causes except those which might have been found to have arisen out of the employment.

The employer's violation of the rules and regulations established for the maintenance of elevators sheds no light upon the manner in which the employee's head got within the opening; it merely furnished the opportunity.

We are of opinion that the evidence did not warrant a decree for the payment of compensation and it must be reversed.

*So ordered.*