WILLIAM WOOLDRIDGE'S CASE.

Suffolk. January 20, 1926. — January 22, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

A finding by the Industrial Accident Board, confirming and adopting findings by a single member of the board that a fracture of the skull of an employee was caused by a belt flying from a pulley, cannot be held to be founded upon conjecture only, although there was no eye-witness to the accident, if there were in evidence specific physical facts affording a definite conception of the way in which the injury to the employee occurred, which, with rational inferences therefrom, warranted the findings of the single member.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board confirming and adopting findings and a decision by a single member, that, while the claimant was working for William S. Rendle on December 20, 1924, and "was attempting to put a belt guard on a portable saw, the belt came off the pulley and that the employee was struck in the head by the flying belt, causing a fracture of the skull which has resulted in a state of paralysis which totally incapacitates the employee for work," and that the injury "was received in the course of his employment and that it arose out of his employment"; and awarding compensation.

In the Superior Court, the case was heard by *Hammond,* J., by whose order a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed and in this court contended solely, in substance, that the evidence left the cause of the injury to the employee a matter of conjecture and that the finding "was one purely of guess, speculation, and conjecture on the part of the member of the commission."

*H. S. Avery,* for the insurer.
*R. P. Berle,* for the employee.

RUGG, C.J.   The board, affirming the decision of the single member, found that the employee received an injury in the course of and arising out of his employment.   This finding must stand provided there is evidence in its support. *Pass's Case,* 232 Mass. 515.   *Chisholm's Case,* 238 Mass. 412, 419.   *Walker's Case,* 243 Mass. 224, 225.   The burden of proof rests upon the employee to establish his claim by a fair preponderance of evidence.   *Sponatski's Case,* 220 Mass. 526.   The testimony need not be narrated.   It was sufficient, with the rational inferences susceptible of being drawn therefrom, to warrant a finding that a belt flew off a pulley and struck the employee with such force as to cause, either by the impact or his consequent fall, a fracture of his skull.   Although there was no eye-witness of the accident, the conclusion of the board is justified.   There were specific physical facts affording a definite conception of the way in which the injury to the employee occurred.   The case at bar is distinguishable from *Sanderson's Case,* 224 Mass. 558, *Dube's Case,* 226 Mass. 591, *Foster's Case,* 242 Mass. 386, 388, and similar authorities.

*Decree affirmed.*