## ROBERT CROWN'S (dependent's) CASE.

Suffolk. January 26, 1926. — January 27, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Evidence,* Presumptions and burden of proof.

Evidence at the hearing of a claim under the workmen's compensation act by a dependent of an employee whose body was found, still warm and with skull fractured, between the seventh and eighth floors of a building, on a stairway extending from the street floor, up all the flights of which the employee was required to walk every morning in the course of his duties, tended to show that the cause of death was a fractured skull due to a great deal of violence received while the deceased was alive, that he lived after the fracture, and that the length and difficulty of the climb of the stairs caused a fall resulting in the fracture of the skull of a living person. There were findings that the death was due to an injury arising out of the employee's employment and received by him in the course of his employment. *Held,* that it could not be said as a matter of law that the burden of proof resting upon the claimant had not been sustained.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a finding and decision by the Industrial Accident Board, confirming and adopting findings by a single member of the board, that Robert Crown suffered injuries on July 16, 1925, while in the employ of Leventhal Brothers, that his "death was due to a personal injury arising out of and in the course of his employment," and that the claimant, his widow, was entitled to compensation.

In the Superior Court, the case was heard by *Morton,* J. Material facts are described in the opinion. By order of the judge, a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*J. R. Fuller & J. J. Sullivan,* for the insurer.

*S. Silverman,* for the claimant.

BY THE COURT. The findings of fact by the single member, which were affirmed and adopted by the board, show that the deceased in the performance of the duties required by his employment was obliged to open the subscriber's premises every morning and to arrive there between 7:15 and 7:30, before the other employees, and to walk to the eighth floor of the building because the elevator was not running at that early hour. A fellow employee testified that on the morning of the fatality he found the body of the deceased lying on the stairway between the seventh and eighth floors, that it was then warm and he could feel the heart beating. The testimony of the medical examiner was clear to the effect that the cause of death was a fractured skull due to a good deal of violence received while the deceased was alive and that he lived after the fracture. There was further testimony that the stairs were hard to climb because of the way they were built; that the deceased had on several occasions, the last being the night before his death, spoken of the difficulty of climbing the stairs and said that it made him very tired, and that his wife had rubbed his legs to relieve the ache in them caused by ascending the stairs. The death arose without question out of the employment. The evidence warranted the finding that it also arose in the course of the employment. The testimony of the medical examiner and other witnesses, none of which need be narrated in further detail, warranted a finding that the length and difficulty of the climb of the stairs caused a fall resulting in the fracture of the skull of a living person. The burden of proof which rested upon the claimant cannot be said as matter of law not to be sustained. *Sponatski's Case*, 220 Mass. 526. The finding of the board cannot be pronounced without adequate foundation in evidence and hence it must stand. *Wooldridge's Case, ante,* 483. *Cox's Case*, 225 Mass. 220. *Dow's Case*, 231 Mass. 348. The case at bar is distinguishable from *Sanderson's Case*, 224 Mass. 558, *Dube's Case*, 226 Mass. 591, *Foster's Case*, 242 Mass. 386, and like decisions.

*Decree affirmed.*