PASQUALE GRAVELLESE'S CASE.

Suffolk. November 17, 1926. — January 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Workmen's Compensation Act*, Findings of fact by Industrial Accident Board.

Upon an appeal from a decree entered in the Superior Court in accordance with a decision of the Industrial Accident Board in proceedings under the workmen's compensation act, findings by the board must stand if the record shows evidence to support them.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Pasquale Gravellese for injuries which the board found arose out of and in the course of his employment by Frank J. McCarthy, a subscriber under the act.

In the Superior Court, the case was heard by *Bishop*, J. The insurer contended that the board should have found that the real employer of the claimant and the real insured

was one Edward Clayton, for whom Frank J. McCarthy acted as a "straw man." By order of the judge, a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*E. J. Sullivan*, for the insurer.

*A. J. Gagliolo*, for the claimant.

CROSBY, J. It is agreed that the employee was injured in the course of his employment as a laborer in the construction of a garage, the legal title to which stood in the name of Frank J. McCarthy, the insured. The case is before us upon the insurer's appeal from the decision of the Industrial Accident Board which adopted and affirmed the findings of the single member in favor of the employee.

The single member found that the employee was working at the time of his injury under a contract of employment for McCarthy. This finding was warranted on the testimony of the employee, even if there was evidence to the contrary. It was a question of fact, and it has been uniformly held by this court in proceedings under the workmen's compensation act that findings of fact by the board will stand if there is any evidence to support them. *Fitzgibbons's Case*, 230 Mass. 473. *Pass's Case*, 232 Mass. 515. *Amodio's Case*, 233 Mass. 104. It was also found by the single member that the insurer issued a policy of insurance under the act to McCarthy which was in effect on the date the employee was injured; and that the employee received an injury which arose out of and in the course of his employment. As these findings were warranted, it is unnecessary to consider other questions argued by the insurer. *Leone's Case*, 239 Mass. 1, cited by the insurer, is not applicable to the facts in the case at bar.

*Decree affirmed.*