## CLARENCE A. HASKINS'S (dependent's) CASE.

Bristol.    October 24, 1927.— November 28, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

Upon findings by the Industrial Accident Board that one, employed to operate a welding machine on a bridge over a river, while "attending to a call of nature" on the bridge, which he had a right to do there, fell through the sleepers, fractured his skull on rocks below and died, further findings are warranted that the employee's death resulted from an injury arising out of and in the course of his employment; and a decree awarding compensation to his dependent widow is proper.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the

Industrial Accident Board awarding compensation to the widow of Clarence A. Haskins, whose death was found to have been caused by an injury arising out of and in the course of his employment by Eastern Massachusetts Street Railway Company.

In the Superior Court, the case was heard by *Walsh,* J. Material facts are stated in the opinion. By order of the judge, a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*A. E. Seagrave,* for the insurer.

*C. W. Donovan,* for the claimant, was not called on.

CARROLL, J. The employee was in the employment of the Eastern Massachusetts Street Railway Company, operating a welding machine on Slades' Ferry Bridge, crossing the Taunton River. It was found by the board member that on August 12, 1924, during the progress of the work on the bridge, it began to rain and the deceased was seen to walk toward the end of the bridge; that about ten minutes later he was found lying in the water on the rocky bed of the river; that his skull was fractured and there was "a friction burn on each shoulder." It was also found that the body of the deceased could pass through the sleepers on the bridge; that the "friction burns were caused by the employee accidentally so falling"; that the condition of his person and clothing indicated that when he fell "he was attending to a call of nature"; that the employee had the right to do this at the place where he was; that the employee died from an injury arising out of and in the course of his employment. This finding of the member was adopted by the Industrial Accident Board. In the Superior Court a decree was entered for the widow of the employee.

As there was evidence to support the findings, they are not to be set aside. The conclusion reached by the single member and adopted by the board was not based on mere conjecture, but was supported by evidence from which it could be inferred that the deceased was standing on the bridge over the place where the body was found engaged in doing what was reasonably incidental to his employment, and was using the bridge in a manner which, it could be

found, was within the scope of his employment. *Von Ette's Case*, 223 Mass. 56. *Stacy's Case*, 225 Mass. 174. *Wooldridge's Case*, 254 Mass. 483. See *Dow's Case*, 231 Mass. 348. The protection under the workmen's compensation statute is not confined to the time the employee is actually engaged about his work. He is protected by the act while on the employer's premises and doing what is incidental to the work. *Bell's Case*, 238 Mass. 46.

It is not necessary to recite the evidence in detail. There was evidence to support the findings.

*Decree affirmed.*