ALBERT H. BECKFORD, JR.'s, (dependent's) CASE.

Essex.    May 21, 1929. — June 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board, Decree by Superior Court, To whom act applies.

The son of a night watchman in a building owned by a corporation assisted his father in his duties. A part of those duties was cleaning premises occupied by that corporation and, under a separate agreement with a second corporation, premises occupied by it as lessee of a part of the building. The first corporation employed the son to act as night watchman on Saturdays and Sundays and with its assent he acted for his father on one or more holidays. At times he performed some of his father's work for the second corporation. While on the premises on a night other than an occasion when he was specifically employed by the first corporation and shown to have been working with its assent, he received injuries resulting in his death. His widow made claims against both corporations. The Industrial Accident Board adopted findings by a single member that, an hour previous to the time of the injury, the son had ceased doing work for the second corporation and during the hour was doing work in conjunction with the requirements of the first corporation; that there was no evidence of an express contract of service for the first corporation at the time of the injury; that the circumstantial evidence did not warrant a finding that there was an implied contract; and that when injured the son was not in the employ of the first corporation. The Industrial Accident Board denied both claims. On certification to the Superior Court, final decrees were entered denying the claim against the second corporation, from which the claimant appealed, and ordering compensation to be paid by the insurer of the first corporation, from which that insurer appealed. *Held,* that

(1) A finding of fact by the Industrial Accident Board is final, if there is any evidence upon which it can rest;

(2) By reason of the facts found, the appeal of the claimant brought no question of law to this court;

(3) The facts found as to employment by the first corporation were

warranted by the evidence and the decree of the Superior Court order-
ing compensation to be paid by the insurer of the first corporation was
erroneous and was reversed.

CERTIFICATION to the Superior Court under the provi-
sions of the workmen's compensation act of proceedings
relating to claims by Sadie C. Beckford, widow of Albert
H. Beckford, Jr., for compensation.

Proceedings before the Industrial Accident Board and in
the Superior Court before *Quinn*, J., are stated in the
opinion. The claimant appealed from the final decree en-
tered in the claim against the insurer of Wm. G. Dodge
Shoe Co., and the insurer of Nathan D. Dodge Shoe Com-
pany appealed from the final decree entered against it.

*S. S. Bean*, for Liberty Mutual Insurance Company.

*R. E. Burke*, for the claimant.

*J. B. Donoghue*, for Travelers Insurance Company.

PIERCE, J. This case came before the Industrial Accident
Board upon two claims for compensation, identical in form,
filed simultaneously on December 4, 1926, by Sadie C. Beck-
ford, the widow of Albert H. Beckford, Jr., and administra-
trix of his estate, to recover compensation for his death.
The first claim was directed to the Travelers Insurance Com-
pany, insurer of Wm. G. Dodge Shoe Co.; the other to
the Liberty Mutual Insurance Company, insurer of the
Nathan D. Dodge Shoe Company. The claims set forth
that on the evening of September 17, 1926, by reason of the
explosion of a certain tank and liquid then contained therein
or that had flowed therefrom, in the factory building owned
or occupied by the insured at 48 Kent Street, Newburyport,
Albert H. Beckford, Jr., was fatally burned, and died on
September 18, 1926. Each insurer contended that the de-
ceased was not in the employ of its assured, and both con-
tended that the injury complained of was received under
circumstances which would call for a finding that it did not
arise out of the employment. A hearing was had at New-
buryport on March 4, 1927.

The reported evidence supports the findings of the board
member, in substance, that the Nathan D. Dodge Shoe Com-
pany owned the factory and leased the third floor to the

Wm. G. Dodge Shoe Co. and provided for the services of a watchman for the entire building, the lessee paying to the lessor for this service in proportion to the amount of space occupied. Albert H. Beckford, Sr., acted as night watchman and was paid by the Nathan D. Dodge Shoe Company. It was a part of Beckford, Sr.'s contract of hire as watchman, that he should do a limited amount of sweeping and cleaning upon the premises occupied by the Nathan D. Dodge Shoe Company on the second floor. In addition, Beckford, Sr., entered into an arrangement with the Wm. G. Dodge Shoe Co. whereby he was to clean the premises occupied by it on the third floor and do a certain amount of baling of goods and work on heels; he was to keep an account of the time spent by him on this work and was to receive forty cents an hour. Although this arrangement grew out of his employment by the Nathan D. Dodge Shoe Company, it was entirely separate therefrom and was a transaction in which the Wm. G. Dodge Shoe Co. and Beckford, Sr., alone were interested.

As the result of the work of Beckford, Sr., becoming "pretty arduous for him" the Nathan D. Dodge Shoe Company employed Albert H. Beckford, Jr., to act as night watchman on Saturdays and Sundays, and paid him $5.10 each week. With the assent of the Nathan D. Dodge Shoe Company, Beckford, Jr., at the time of a camp meeting and on one or more holidays assumed and did the work of his father, and on these occasions he was in the employ of the Nathan D. Dodge Shoe Company. In April, 1926, the Wm. G. Dodge Shoe Co. expressed some dissatisfaction to Beckford, Sr., relative to the matter of cleaning, and Beckford, Sr., told an official of that company that he would have to get somebody to help out, mentioning the fact that his son was already helping him to some extent. No definite arrangement was made in reference to the matter of additional help with the official, but from that time on the son did from time to time give the father assistance, and to a greater extent than he had been doing before. The work which was done by the son was done primarily to assist his father in order that the latter might accomplish the extra work which

had accumulated because of the necessities of the Wm. G. Dodge Shoe Co. As a result of Beckford, Jr., coming into the plant to assist his father, it came about that the son helped him not only in the work of the Wm. G. Dodge Shoe Co., but at times in doing watchman's work and also in cleaning up the premises of both shoe companies, that is, the work which was supplemental to the watchman's job.

On the night of September 17, 1926, Beckford, Jr., came to the premises about a quarter before six, and from that time until about a quarter after eight he worked on the third floor cleaning up the premises of the Wm. G. Dodge Shoe Co. At some time later than a quarter after eight, he went to the second floor and there undertook and did the cleaning of the Nathan D. Dodge Shoe Company which went with his father's job as watchman. He completed this job and started to leave the building, going through a basement occupied by a tank containing disinfectant, which belonged to the Nathan D. Dodge Shoe Company. From some unexplained cause this tank exploded, with the result that Beckford, Jr., received burns from which he died the next day.

Upon the evidence and the facts found, the board member found and ruled that it was immaterial to determine whether or not the deceased had a contract of hire with the Wm. G. Dodge Shoe Co., for at the time he received his injury any possible employment with that company was at an end, as he had ceased doing any work for them about an hour earlier and in the intervening time had worked in conjunction with the requirements of the Nathan D. Dodge Shoe Company, and he denied the claim against the Travelers Insurance Company.

With reference to the deceased's employment by the Nathan D. Dodge Shoe Company, the board member found and ruled that there was no evidence of any expressed contract of hire except upon the occasions above referred to, that is, on Saturdays and Sundays, at a time of a camp meeting, and on certain holidays. He further found that the circumstantial evidence did not warrant a finding that there was an implied contract created; and found that the deceased at the time he was injured, and for the period of time prior to the injury

when he was working on the second floor of the premises of the Nathan D. Dodge Shoe Company, was not in the employ of that company; and he denied the claim against the Liberty Mutual Insurance Company. On review, the Industrial Accident Board heard the parties, and on June 22, 1927, denied the motion for rehearing and affirmed and adopted the decision of the board member.

The case was certified to the Superior Court. A hearing was had and on January 5, 1929, the judge entered a ruling of law and order for decree reversing the finding of the Industrial Accident Board, finding "that the deceased was an employee of said Nathan D. Dodge Shoe Company at the time of his death," and ordering that "an interlocutory decree be entered to that affect and the case remanded to said board to fix compensation." On January 18, 1929, a decree was entered by the Superior Court in accordance with the finding of the Industrial Accident Board so far as the finding related to the Wm. G. Dodge Shoe Co. From this decree the petitioner filed an appeal to this court. On March 20, 1929, a decree was entered in the Superior Court that the deceased died from a personal injury which arose out of and in the course of his employment by the Nathan D. Dodge Shoe Company, and that the insurer, Liberty Mutual Insurance Company, pay the compensation awarded by the decree. From this decree the Liberty Mutual Insurance Company seasonably appealed to this court.

There was no error in the entry of the decree in favor of the Travelers Insurance Company. The sole question before the Industrial Accident Board was whether or not at the time of his injury the deceased was an employee of Wm. G. Dodge Shoe Co. This was a pure question of fact. The finding of the board member, affirmed by the Industrial Accident Board, that he had ceased work about an hour earlier than the accident and in the intervening time had been working in conjunction with the requirements of the Nathan D. Dodge Shoe Company was amply warranted by the reported evidence. Such an appeal raises no question of law. *Berman's Case*, 232 Mass. 453.

The decree of the Superior Court reversing the finding of

the Industrial Accident Board "that the decedent, at the time of his fatal injury, was not employed under any contract of hire with the Nathan D. Dodge Shoe Company, upon whose premises he was injured, and that therefore there is no liability upon the" Liberty Mutual Insurance Company, was error. The board's finding that the decedent was not employed under any contract of hire at the time he was injured was a finding that he was not then an employee of Nathan D. Dodge Shoe Company as the term "Employee" is defined in G. L. c. 152, § 1 (4), and imports the further finding that the injury did not occur in the course of the decedent's employment with the Nathan D. Dodge Shoe Company. This finding was one of fact and is supported by the evidence reported. It is settled that a finding of fact is final if there is any evidence upon which it can rest. *Pass's Case,* 232 Mass. 515. *Crown's Case,* 254 Mass. 496. *Savage's Case,* 257 Mass. 30. The decision of the Industrial Accident Board in the light of the evidence was not wrong as matter of law. Different minds might reasonably come to contrary conclusions of fact upon the evidence, but it was rationally possible for the Industrial Accident Board to reach the conclusion of fact which it made. Its finding "stands upon the same footing as the finding of a judge or a verdict of a jury" and there is no evidence that the finding of the Industrial Accident Board was wholly unwarranted. *Pigeon's Case,* 216 Mass. 51, 52. *Burns's Case,* 218 Mass. 8. *Sponatski's Case,* 220 Mass. 526. *Hogan's Case,* 236 Mass. 241. *Chisholm's Case,* 238 Mass. 412. *Gravellese's Case,* 258 Mass. 170.

The decree of the Superior Court against the Liberty Mutual Insurance Company must be reversed and a decree be entered that there was no liability upon the Liberty Mutual Insurance Company as the insurer of the Nathan D. Dodge Shoe Company. The decree dismissing the claim for compensation against the Travelers Insurance Company, insurer of the Wm. G. Dodge Shoe Co., must be affirmed.

*Decrees accordingly.*