FREDERICK COOPER'S (dependent's) CASE.

Suffolk. December 31, 1929. — March 24, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Findings by Industrial Accident Board. *Proximate Cause. Evidence,* Presumptions and burden of proof; Matter of conjecture; Opinion: expert.

The issue, at a hearing by the Industrial Accident Board in proceedings under the workmen's compensation act, was whether there was a causal connection between an injury received by the employee arising out of and in the course of his employment and his death several months later. The evidence consisted of opinions of medical experts, none of whom was sure of the cause of death and none of whom denied absolutely the possibility of such a causal connection. One of the experts testified that the immediate cause of death was "probable meningitis or probable brain tumor which was aggravated by the accident"; that the employee "has never been right since the time of the accident," to which the employee's condition at that time was "solely and wholly" attributable; and that he did not think "there is any question" but that there was a causal connection between the injury and the death. The board found that there was such a causal connection. *Held,* that the finding was not based on mere conjecture: the expert testimony warranted a definite conclusion of fact, which was final.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the

Industrial Accident Board awarding compensation to the widow of Frederick Cooper, an employee of The College Taxi Company.

A single member of the board stated in his decision: "The evidence shows that at the time of the injury he [the employee] was driving an automobile and the front wheel of the automobile struck a car track and threw him forward and he felt and heard a snap in the back of his neck which was followed by intense pain, profuse perspiration and nausea, and he was taken home and had medical attention that night and was later removed to the hospital. He seemed to improve but never did any work after that. . . ."; and he found that there was a causal connection between such injury, which occurred on May 27, 1928, and the employee's death on August 2, 1928. Material evidence on the issue of causation is stated in the opinion. The board on review affirmed the decision of the single member. In the Superior Court, a decree was entered by order of *Bishop*, J., ordering the payment of compensation in accordance with the board's decision. The insurer appealed.

The case was submitted on briefs.

*G. F. Garrity & H. B. White*, for the insurer.

*L. M. Harlow*, for the claimant.

WAIT, J. No error of law is disclosed on this record. There is no dispute that the employee died suddenly on August 2, 1928, while receiving payments under an agreement with the insurer for injury received on May 27, 1928. The essential question is whether or not there was a causal relation between the injury on May 27 and the death on August 2, 1928. The single member and the board on review found that there was. This finding of fact is final. It must stand if there is evidence to support it. *Pigeon's Case*, 216 Mass. 51. *Gilson's Case*, 254 Mass. 460. *Wooldridge's Case*, 254 Mass. 483. *Crown's Case*, 254 Mass. 496. *Johnson's Case*, 258 Mass. 489, 493.

The insurer contends that the finding is based only "on guess, speculation, and conjecture." No autopsy was had. The evidence apart from testimony of the injury received

on May 27 and the history of the employee's sufferings, treatment and conduct from that date to the time of his death, consisted of opinions of doctors and surgeons. No one of these was sure of the cause of the death, and no one of them denied absolutely the possibility of a causal connection between accident and death. A physician and surgeon, whose qualifications as an expert were admitted, who had attended the deceased and had been familiar with the treatment and history of the case, and in consultation with other experts in regard to it, testified that "The cause of death was probable meningitis or probable brain tumor which was aggravated by the accident." He attributed the condition of the patient in May "solely and wholly to this accident." In his opinion the patient "has never been right since the time of the accident." He attributed the probable meningitis wholly to the accident. In answer to the question "In your opinion was there a causal relation between the injury of May 27 and his death which occurred on August 2?" he answered, "I don't think there is any question about it. Yes, it was." This witness denied the presence of any cerebral spinal syphilis which had been suggested by another expert as a cause of the death. His testimony, although an opinion, was evidence of fact; and if believed would support a finding that a causal relation existed. No good purpose would be served by a detailed statement and discussion of the testimony. We are satisfied that the finding was based upon more than speculation. From the mass of inconclusive fragments, the single member and the reviewing board could reach, as they did, a certain conclusion that the burden of proof had been sustained, and that the death resulted from the accident. There was no such legal uncertainty as required the decisions in *Green's Case*, 266 Mass. 355, *Von Ette's Case*, 223 Mass. 56, *Sanderson's Case*, 224 Mass. 558, *Gorski's Case*, 227 Mass. 456.

It follows that the order must be

*Decree affirmed.*