## ANGELINI RAFALDI'S CASE.

Suffolk.   October 8, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Findings of fact by Industrial Accident Board, Discontinuance of disability.

Where an impartial physician reported to the Industrial Accident Board respecting the condition of a female employee, who, the board previously had determined on April 3, 1929, had been incapacitated by an injury received on September 14, 1928, and who on June 18, 1929, had been admitted to an insane hospital as an insane person, that such mental condition appeared not to be caused by her accident and that he was not able to determine definitely whether she had pain in her back, which seemingly was the seat of her original injury; and there was other evidence to the effect that she was not suffering physical incapacity from her injury, it could not be said as a matter of law that the board had committed error in affirming and adopting, on review, findings and a decision by a single member that the employee's condition of insanity was not causally related to the injury received on September 14, 1928, and that all disability as a result of that injury had ceased on September 14, 1929, and in dismissing her claim for further compensation.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a claim for further compensation described in the opinion.

In the Superior Court, a final decree was entered by order of *Bishop,* J., dismissing the claim. The employee appealed.

*H. Sesnovich,* for the claimant, submitted a brief.

*G. Gleason,* for the insurer.

RUGG, C.J. This employee on September 14, 1928, fell down stairs and injured her back. She was at the time actually employed by one insured under the workmen's compensation act. By proceedings under that act it was determined on April 3, 1929, that she was incapacitated by these injuries received in the course of and arising out of her employment and compensation was paid her on that footing up to September 14, 1929, when it was discontinued by the Industrial Accident Board. Thereafter at a further hearing had before a single member it appeared that the employee was admitted to the Boston State Hospital as an insane person on June 18, 1929, where she has continued to be confined. The single member found that her condition of insanity was not causally related to the injury received on September 14, 1928, and that all disability as a result of that injury ceased on September 14, 1929, and therefore her claim for further compensation was denied. A claim for review was filed and the reviewing board upon all the evidence affirmed and adopted the findings and decision of the single member and dismissed the claim for further compensation. An amendment permitting the guardian to prosecute the claim was allowed. A final decree was entered adjudging that the condition of insanity which now incapacitates the employee was not due to the injury, that all incapacity resulting from the injury had ceased and that the claim be dismissed. The employee's appeal brings the case here.

In the circumstances disclosed on this record, the only question presented is whether there was evidence upon which the finding of the reviewing board can rest. *Pass's Case*, 232 Mass. 515. The report of the impartial physician was to the effect that the mental condition of the employee appeared not to be caused by her accident and that he was not able to determine definitely whether she had pain in her back, which seemingly was the seat of her original injury. There was other evidence tending to show that she was not suffering physical incapacity from her injury. Plainly this evidence did not, as matter of law, sustain the burden, which rests upon the employee,

of proving facts essential to establishing a right to compensation under the act to the satisfaction of the reviewing board. *Sponatski's Case,* 220 Mass. 526, 528. Manifestly there was ample evidence to sustain the findings of fact made by the single member and by the reviewing board. *McCarthy's Case,* 231 Mass. 259. *Cosgrove's Case,* 257 Mass. 343.

*Decree affirmed.*