## ALICE RACKOWSKI'S CASE.

Suffolk. October 10, 1930. — November 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board.

A finding by a single member of the Industrial Accident Board, affirmed and adopted by the board on review, that an electric shock suffered by the employee while at work for the subscriber was so slight as to be of no consequence in bringing about a disability for which he claimed compensation, was not open to review by this court upon an appeal by him from a decree dismissing the claim, the nature and extent of the shock and the injuries, if any, resulting therefrom being wholly questions of fact; and the decree was affirmed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing a claim for compensation.

The case was heard in the Superior Court by *Cox,* J., by whose order a decree was entered dismissing the claim. The claimant appealed.

The case was submitted on briefs.

*J. M. Veracka,* for the claimant.

*E. W. Sawyer & S. S. Bean,* for the insurer.

RUGG, C.J. This is a claim for compensation by an employee of one insured under the workmen's compensation act. The contention of the employee is that, while she was operating a stitching machine, a wire near the machine touched her fingers and gave her an electric shock, whereby she has been disabled.

The finding of the single member, affirmed and adopted by the board on review, was that the employee while at work had some contact with an electric wire but that the shock resulting therefrom was so slight as to be of no consequence in bringing about the troubles which she may have had since that time. The nature and extent of the electric shock received by the employee and the injuries, if

any, resulting therefrom were wholly questions of fact. The credibility of witnesses was to be determined by the reviewing board and they were at liberty to disbelieve the whole or any part of the testimony according to their own sound judgment of its truthfulness and reliability. There is no ground in law for doubting the correctness of their conclusion. It is not open to review by us. The testimony need not be recited. The case is governed by the authority of numerous decisions. *Pass's Case*, 232 Mass. 515, and cases there cited. *McCarthy's Case*, 231 Mass. 259. *Johnson's Case*, 258 Mass. 489. *Rafaldi's Case, ante,* 232.

*Decree affirmed.*