LUCIA DePIETRO'S CASE.

Essex.     November 10, 1933. — November 14, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Disability, Appeal, Findings by Industrial Accident Board, Rehearing by Industrial Accident Board.

After the discontinuance on July 17, 1929, of the payment of compensation to an employee under the workmen's compensation act, a single member of the Industrial Accident Board on November 13, 1929, heard the case on the question of the employee's incapacity subsequent to July 17, and decided that question adversely to him. This decision was affirmed by the board in review. In December, 1931, the employee filed an application for a rehearing, which was denied. A decree of the Superior Court entered in May, 1932, recommitted the case to the board for hearing of the employee's right to compensation from November 13, 1929, and, in the discretion of the board, of his right to compensation from July 17, 1929, to November 13, 1929. The board, exercising such discretion, denied the employee further hearing on the question of compensation from July 17, 1929, to November 13, 1929. *Held*, that no abuse of discretion appeared in such denial.

Findings by the Industrial Accident Board, affirming and adopting findings by a single member on conflicting evidence at a hearing following the entry of the decree in the proceedings above described, that it was a matter of conjecture whether the condition of the employee at the time of the hearing had any causal connection with his injury and that he had suffered no disability due to his injury since Novem-

ber 13, 1929, involved mere questions of fact and could not be disturbed by this court.

A statement by the single member in his decision containing such findings, that "I am satisfied as a matter of law that this case has been *res adjudicata* and is not properly before me on the question of disability but since a member of the Superior Court has remanded it to the board for the purpose of giving the employee a hearing, I am making the following finding of fact on the question of disability subsequent to November 13, 1929," did not invalidate his decision on the ground of prejudice; furthermore, the findings by the board in review, supported by the evidence, constituted the final decision on facts and superseded the findings by the single member.

This court, on appeal from a decree of the Superior Court in proceedings under the workmen's compensation act, cannot review inferences drawn by the Industrial Accident Board and warranted by the testimony presented to it.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying a claim for compensation.

Proceedings in the case are described in the opinion. The hearing by the single member of the board, whose decision was filed on November 25, 1929, was on November 13, 1929. The employee's application for rehearing was on December 2, 1931. The decree recommitting the case to the board was entered May 9, 1932. The findings and decision by the single member at the last hearing, which were affirmed and adopted by the board in review, were as follows: "I am satisfied as a matter of law that this case has been *res adjudicata* and is not properly before me on the question of disability but since a member of the Superior Court has remanded it to the board for the purpose of giving the employee a hearing, I am making the following finding of fact on the question of disability subsequent to November 13, 1929. From the medical evidence in the case it indicates that the employee is disabled. Some of the medical evidence indicates that the examinations of competent physicians are negative. As far as causal relation to the injury goes, I am satisfied it is a matter of conjecture and surmise as to whether the present complaints of disability have any relation to the accident received on February 21, 1929. I therefore find

that in so far as the injury goes, the employee has suffered no disability since November 13, 1929, and has been able to do any work that she did at the time of her injury. Therefore the claim for compensation is dismissed as a matter of fact and as a matter of law."

In the Superior Court, a decree in accordance with the board's decision was entered by order of *Gray*, J. The employee appealed.

*R. A. A. Comparone*, for the claimant.

*J. J. Connors*, (*E. W. Sawyer* with him,) for the insurer.

RUGG, C.J. This employee fell in the mill of her employer on February 21, 1929, and was paid total disability compensation until July 17, 1929, when payments were discontinued by order of a board member. The case was heard again by a board member, whose decision, filed on November 25, 1929, was that on July 17, 1929, she had recovered sufficiently from her injuries to resume her former employment. This decision was affirmed and adopted by the reviewing board on April 2, 1930. The employee filed an application for rehearing which was denied. The case was subsequently recommitted by the Superior Court to the Industrial Accident Board for a hearing as to her right to compensation from November 13, 1929, to the date of the hearing, and in the discretion of the board as to her right to compensation from July 17 to November 13, 1929. Pursuant to this decree the Industrial Accident Board as matter of discretion denied the claim for compensation from July 17 to November 13, 1929, and ordered the case heard by a single member on the right to compensation after November 13, 1929. The case was heard at length by a single member who found that it was a matter of conjecture and surmise whether the present condition of the employee had any causal relation to her accident, and therefore found that since November 13, 1929, she had suffered no disability due to her injury and has been able to do any work that she did at the time of her injury. The reviewing board upon all the evidence affirmed and adopted the findings of the single member. A decree was entered in the Superior Court adverse to the

employee. Her appeal brings the case here. The only questions raised relate to the final hearings before the single member and the reviewing board.

It cannot be said that there was any abuse of discretion of the board in refusing to grant a further hearing as to compensation between July 17 and November 13, 1929. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 497.

At the hearing before the single member there was medical testimony from several witnesses more or less conflicting in nature. It need not be narrated. Depending upon the single member's determination as to the credibility of the witnesses and observation of the employee, the findings cannot be pronounced wrong in law. Any part of the evidence which did not appear truthful might have been disbelieved. *Johnson's Case*, 258 Mass. 489, 493. *Rackowski's Case*, 273 Mass. 363. Whether there is disability due to the injury is a question of fact. *Donovan's Case*, 243 Mass. 88. Whether there is a causal connection between the injury and disability is also a question of fact. *McCarthy's Case*, 231 Mass. 259. *Cooper's Case*, 271 Mass. 38. The decision of the Industrial Accident Board related to questions of fact and must stand. *Pass's Case*, 232 Mass. 515. *Crown's Case*, 254 Mass. 496. This court cannot say that those findings were unwarranted. *Burns's Case*, 218 Mass. 8. *Lopes's Case*, 277 Mass. 581, 586. There was evidence to support them. *Rafaldi's Case*, 273 Mass. 232. *Lee's Case*, 279 Mass. 357, 360.

The employee has argued that this court has a right to review the inferences drawn by the Industrial Accident Board from the testimony. The weighing of testimony and the drawing of appropriate inferences are within the province of that board. There can be no appeal in workmen's compensation cases to the court upon questions of fact. G. L. (Ter. Ed.) c. 152, § 11. The duty of the court is to enter such decree as will enforce the rights of the parties upon the facts as found. *McNicol's Case*, 215 Mass. 497, 502.

The statement that the member was satisfied that as matter of law "this case has been *res adjudicata* and is not

properly before me on the question of disability" does not invalidate the decision on the ground of prejudice. Moreover, the findings of the board on review, if supported by evidence, constitute the final decision on facts and supersede those of the board member. *Di Giovanni's Case,* 255 Mass. 241. *Seelig's Case,* 280 Mass. 466.

*Decree affirmed.*