### CHARLES M. BREAKEY'S (dependents') CASE.

Suffolk.    March 3, 1920. — April 3, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Dependency.

A husband and wife are not living together within the meaning of the workmen's compensation act so that the wife may be conclusively presumed to be wholly dependent upon her husband, where it appears that after the marriage and until his death the husband continued to live with his mother and the wife with her mother, although, from the time of the marriage, the husband contributed to his wife's support and visited her in her home twice a week, usually staying over night, when they occupied the same room.

APPEAL to the Superior Court from decisions of the Industrial Accident Board, awarding compensation as for partial dependency to the widow and also to the mother of Charles M. Breakey a deceased employee, affirming findings of a single member of the board.

In the Superior Court, upon motion of the mother and by consent, the claims were consolidated and were heard together by *Wait*, J. Material findings and rulings of the Industrial Accident Board are described in the opinion. The judge ruled that the

evidence required as matter of law a finding that the widow was living with her husband at the time of his death and was conclusively presumed to be wholly dependent upon him; and he ordered the claim remanded to the Industrial Accident Board for action in accordance with the ruling. Later, the claims, after recommittal, again came before the Superior Court and the judge ordered that the widow should receive $10 a week and that the mother was entitled to no compensation. The mother appealed from the decree ordering compensation for the widow and from the decree denying her compensation.

*F. L. Simpson*, for the mother.

*W. J. Day*, for the widow.

*L. H. Peters*, for the insurer.

CARROLL, J. The employee was killed on May 20, 1918. At the time of his marriage on July 15, 1917, and until his death, he lived with his mother on Moreland Street, Roxbury. His wife, both before and after marriage, lived on Dudley Street at the home of her mother. She was employed by the Thomas G. Plant Company earning $15 per week. From the time of the marriage the husband paid her $10 per week for her support and visited her twice a week, "usually stayed over night," when they occupied the same room. The employee's mother testified that he paid for the household supplies and also paid the house rent, purchased clothing for her and gave her money, and that his mail came to her house on Moreland Street. The Industrial Accident Board awarded weekly compensation of $4.55 for a period of five hundred weeks to the widow and weekly compensation of $2.73 for the same period to the mother. In the Superior Court this finding was reversed and a decree was entered denying compensation to the mother and awarding compensation of $10 per week to the widow. The mother appealed.

To become entitled to the full compensation awarded the widow by the Superior Court, it must have been found that she was, at the time of her husband's death, living with him within the meaning of the workmen's compensation act. If she was not living with him when he died, so as to be wholly dependent on him under the statute, the question of her dependency was to be determined by the board in accordance with the facts existing at the time of the injury.

The finding of the Industrial Accident Board, that the employee and his wife were not living together, was justified by the evidence and we cannot say the finding was wrong. In *Nelson's Case*, 217 Mass. 467, when referring to the conclusive presumption that the widow was wholly dependent upon her husband, it was said that the words "with whom she lives" meant living together as husband and wife in the ordinary acceptance of the term, where there is a home and the husband and wife live together in the same household. While there may be interruptions and the nature of the husband's employment may require him to be frequently absent from the home, "there must be a home and a life in it." The statute making the wife wholly dependent on the husband, did not contemplate that there was to be one home for the wife and another for the husband. The purpose of the statute was to provide for the wife and give her the benefit of the conclusive presumption when she lived with her husband and occupied the same home with him. *Newman's Case*, 222 Mass. 563. *McDonald's Case*, 229 Mass. 454.

Applying these principles, it cannot be said as matter of law that the Industrial Accident Board was wrong. The employee's clothing and personal property were kept in his mother's home, he gave his address as 143 Moreland Street, he ate and slept there. The widow admitted that he resided there when not calling on her. He always returned there from his work and occupied the mother's tenement as his home in the same way and to the same extent as he did before the marriage, and neither the employee nor his wife made any change in their home or residence after the marriage. The board was justified in finding that the employee's home was his mother's home and that the widow's home was her mother's home and that they were not living together in the sense that it could be conclusively presumed that she was wholly dependent upon him for support.

As the evidence admitted at the hearing before the single member, against the widow's exception, was excluded by the board, we do not consider it.

The decree of the Superior Court must be reversed and a decree is to be entered in accordance with the findings of the Industrial Accident Board.

*So ordered.*