PHILIP P. GILSON'S (dependent's) CASE.

Suffolk.   December 4, 1925. — January 12, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies; Proximate cause; Procedure: finding by Industrial Accident Board, notice; Dependency.

An employee fell from a staging and was struck in the back by a board. About two weeks later, on May 19, 1923, he suffered a strain in his back from shovelling coal and, four days later, went to a hospital where an operation called an "Albee bone graft" was performed upon him for a condition of tuberculosis of the spine.   By agreement with an insurer under the workmen's compensation act, the employee was paid compensation for a back strain, received on May 19, while shovelling coal, until he died in the next April.   His widow claimed compensation for the death, alleging that the time of the injury was during the year 1923.   At a hearing there was evidence of the above facts and also that the condition of the spine was due to a cancer.   *Held*, that a finding was warranted as a reasonable inference from all the evidence that the employee's death resulted from the injury on May 19, 1923.

The agreement for compensation above described between the employee and the insurer obviated the necessity of a notice to the employer from the widow, there being no finding that the injury which caused the death resulted from the fall from the staging before May 19.

The mere facts, that an employee living within two minutes' walk from the house of his mother, who was nearly one hundred years old, went to her house four nights a week and assisted her in the mornings in making her fire and preparing her breakfast, did not require a finding that he and his wife were not living together as husband and wife, where it appeared that at all other times, excepting when at work, he was at home and that his relations with his wife were harmonious and friendly.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board, confirming and adopting findings by a single member of the board, that the death of Philip P. Gilson on April 28, 1924, "was causally related to the injury received by him May 19, 1923," when he was employed by Price and Charlton, "and that his widow, Mary Gilson, who was living with him at the time of his injury and death, is conclusively presumed to be wholly dependent

upon him for support under the statute"; and ordering compensation accordingly.

In the Superior Court, the case was heard by *Morton*, J. Material evidence before the board is described in the opinion. By order of the judge, a decree was entered in accordance with the findings and rulings by the board. The insurer appealed.

*G. Gleason*, for the insurer.

*P. H. Kelley*, for the claimant.

CROSBY, J. On May 19, 1923, the employee received an injury which arose out of and in the course of his employment. A report was filed with the Industrial Accident Board describing the injury and the cause as "Wrenched back while shovelling coal." The employee and the insurer entered into an agreement for the payment of compensation, which described the nature of the injury as "Back Strain," and the cause as "Shovelling coal." The agreement was approved by the board and compensation paid thereunder until April 28, 1924, the date of the employee's death.

On June 19, 1924, the employee's widow filed a claim for compensation alleging that the time of the injury was during the year 1923; that the cause of the injury and death was "an injury to the spinal column brought on by traumatic origin as result of a blow or strain suffered by said Gilson and as a result of which a diseased condition of the lower spine . . . caused the death of said Philip Gilson."

At the hearing before the single member, Dr. Nathan Addleson testified that he was connected with the Massachusetts General Hospital; that he operated on the employee for the condition of tuberculosis of the spine; that he performed "an Albee bone graft, which means putting a piece of the shin bone into his spine to stiffen it." There was other evidence that, about two or three weeks before May 23, 1923, when the employee went to the hospital, he fell from a staging and was struck in the back by a board while at work for the insured. There was also medical evidence tending to show that the condition of his spine was due to a cancer. Although there was no direct evidence tending to prove that death resulted from tuberculosis of the spine caused by a

strain to his back while shovelling coal, the board member and the board could have so found upon the evidence and the rational inferences to be drawn therefrom. The single member could have found as a reasonable inference from all the evidence that his death was causally related to the injury of May 19. *Sponatski's Case*, 220 Mass. 526. *Fernald's Case*, 240 Mass. 567. *Von Ette's Case*, 223 Mass. 56.

The family history of the employee contained in the hospital record states that his father and sister died of tuberculosis. The hospital record states that he had tuberculosis of the spine. The single member found that his death was causally related to the injury received by him on May 19, 1923. It is a fair inference from the findings that the disease which caused death was tuberculosis, and not cancer in any form. The facts in the present case are distinguishable from those in *Upham's Case*, 245 Mass. 31.

No finding upon the question of notice was made by the board and none was required. There is no finding that the injury was caused by a fall from a staging. It is apparent that the board found the injury was received on May 19, 1923, while the employee was shovelling coal; therefore a written notice was not required to be given by the claimant. The agreement for compensation between the employee and the insurer obviated the necessity for such notice. St. 1923, c. 125. *Kareske's Case*, 250 Mass. 220, 227.

The workman's compensation act provides that "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his death . . . ." St. 1911, c. 751, Part II, § 7; G. L. c. 152, § 32. The insurer contends that at the time of the death of the employee the claimant was not living with him within the meaning of the statute. There was evidence that they were married to each other in 1913; that in 1918 by a decree of the Probate Court he was ordered to pay her $7 a week for her support and that thereafter they lived apart for three years. She testified that from 1921 until he died on April 28, 1924, they lived together as husband and wife; that while he was at the hospital, and at the convalescent home of one

Sturtevant, she visited him from time to time; that after 1921 until his death, except during the time he was under treatment and away from home, he used to go back and forth to his mother's home which was near where they lived; that his mother was nearly one hundred years old and infirm; that he went to her house to care for her and stayed there four nights a week for a year before he was injured, and three nights each week he was at home; that on Sundays he had his meals at home, and on other days his wife got his breakfast and supper; his lunch was obtained where he was working. The claimant further testified that the employee assisted his mother by making the fire in the morning and preparing her breakfast.   So far as appears during the three years preceding his death his relations with his wife were harmonious and friendly.   She testified that she knew he had to go to his mother's home and that "she never disputed it."   Upon this evidence we cannot say that the claimant and her husband were not living together as husband and wife at the time of his death, within the meaning of the statute.   It would be an erroneous construction of the act to hold that they were not living together in the ordinary meaning of those words, if, living within two minutes' walk of the house of his mother who was aged and infirm, he administered to her necessities from time to time, and stayed at her home certain nights each week while she was in that condition and needed his help.   The finding of the single member that the claimant was living with the employee at the time of his injury and death and was conclusively presumed to be wholly dependent upon him for support was not without evidence to support it.

*Nelson's Case*, 217 Mass. 467, and *Breakey's Case*, 235 Mass. 460, are plainly distinguishable in their facts from those in the present case.

*Decree affirmed.*