FRANCES R. LOPES's (dependent's) CASE.

Suffolk.    October 7, 1954. — December 13, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Dependency.    *Husband and Wife,* Living together, Dependency.

Evidence in a workmen's compensation case warranted a finding by the Industrial Accident Board that the employee's husband, who, for some ten months before and at the time of her death arising out of and in the course of her employment, was abroad seeking to regain his health in a different climate, while she remained here, was living with her at the time of her death within G. L. (Ter. Ed.) c. 152, § 32 (b), and so was conclusively presumed to have been wholly dependent on her for support.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Brogna, J.*

*Charles T. Sexton,* for the insurer.

*M. Elizabeth Foley,* for the claimant.

COUNIHAN, J. This is an appeal by an insurer from a decree awarding dependency compensation to Dennis J. Lopes, the husband of Frances R. Lopes, a deceased employee.[1] The insurer admitted the marriage and that the claimant is and has been totally disabled since April 3, 1949. It is agreed also that the death of the employee which occurred on September 23, 1952, resulted from injuries sustained in an accident which arose out of and in the course of her employment. There was no error.

The only question is that of dependency within the meaning of G. L. (Ter. Ed.) c. 152, § 32, which reads in part, "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (b) A husband upon a wife with whom he lives at the time of her death."

There was evidence that Dennis and Frances were married on July 16, 1926, and thereafter lived in a house in Falmouth, owned by Dennis, where five children were born to them. On April 3, 1949, Dennis suffered a cerebral hemorrhage which totally and permanently disabled him. After this illness Frances went to work and supported him. He continued to live with his wife in their home in Falmouth until November 10, 1951, when with the consent of his wife he went to his native country, the Cape Verde Islands, where the climate is warm, in an effort to regain his health. There was no disagreement or misunderstanding with his wife, who gave him money before he left to help him live there. While there he and his wife corresponded each month and she sent him money to stay there. Before her

---

[1] The decree also awarded $300 for funeral expenses, G. L. (Ter. Ed.) c. 152, § 33, as appearing in St. 1941, c. 495, as amended by St. 1948, c. 155, and $500 to be paid into the custody of the State Treasurer, G. L. (Ter. Ed.) c. 152, § 65N, inserted by St. 1945, c. 623, § 3, as amended by St. 1949, c. 689.

death he wrote his wife that he was not getting better and that he wanted to come back home. On March 25, 1953, on the advice of a doctor there he returned because he was getting no better. He used funds received from the sale of some property he had there to pay his passage back. Since his return his son and his son's wife, who live with him, have been taking care of him.

The single member found that "the claimant at the time of his wife's fatal injury was living with her, within the meaning of the conclusive presumption established under § 32 (b) of the act." The reviewing board affirmed and adopted the findings and decision of the single member. There was evidence to support the findings of the reviewing board and they were not tainted by error of law. They must therefore be sustained. *Paltsios's Case*, 329 Mass. 526, 528.

The insurer contends that the decree is incorrect because the claimant was not actually living with his wife at the time of her death within the meaning of the statute. It relies particularly upon *Nelson's Case*, 217 Mass. 467, in which it was said at page 469, "But there must be a home and a life in it." Here it could be found that there was "a home and a life in it" which was carried on in Falmouth by the wife during the temporary absence of her husband because of illness.

Both parties agree that no case is to be found in our decisions, and no case has been brought to our attention, where the point in issue has been squarely passed upon. In *Harrington's Case*, 297 Mass. 125, at pages 128–129, this court reviewed most of the cases relied upon by the insurer and distinguished the facts in those cases from the facts in the *Harrington* case. We are of opinion that the situation in the present case more closely resembles the facts in *Gilson's Case*, 254 Mass. 460, and in *Harrington's Case*, *supra*, than those in the cases relied upon by the insurer.

Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, shall be allowed by the single justice.                                     *Decree affirmed.*