DAVID SHAW's (dependent's) CASE.

Suffolk. April 4, 1960. — April 27, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Workmen's Compensation Act,* Dependency, Findings by Industrial Accident Board. *Evidence,* Presumptions and burden of proof.

A statement by the Industrial Accident Board in a workmen's compensation case respecting an employee found to have been living with the claimant, his mother, at the time of his death and not with his wife, that the board did "not find that the wife was living apart for justifiable cause or because the employee had deserted her" was a finding that the burden of proving living apart for justifiable cause or desertion had not been sustained; and a ruling by the board that the wife was not conclusively presumed to be dependent was right under G. L. c. 152, § 32, as amended through St. 1950, c. 738, § 4, on the facts found. [719]

Evidence warranted a finding by the Industrial Accident Board that the mother of a twenty-six year old employee, his next of kin, with whom and his stepfather, instead of his wife, he was living at the time of his death and to whom he had made substantial weekly payments, was partially dependent on him within the workmen's compensation act and was entitled to compensation thereunder. [719]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Good,* J.

*Walter I. Badger, Jr.,* for the insurer.

*Talbot T. Tweedy,* for the claimant.

WILKINS, C.J. The insurer appeals from a decree reciting that the claimant, the mother of the deceased employee, was, at the time of his death, a dependent within the meaning of the workmen's compensation act, and ordering the insurer to pay the claimant compensation at the rate of $8 a week from September 4, 1956.

The insurer in its brief states that the principal question is whether an award of compensation to the mother as a

partial dependent was legally justified where the employee left a widow.

The reviewing board adopted the findings of the single member. On September 4, 1956, the employee, a worker in tree service, fell to his death. He was twenty-six years of age and the son of the alleged dependent by a previous marriage. At the time of the hearing she was fifty-two years of age and lived in Taunton with her third husband and his four children by a previous marriage. The employee's widow was a second wife, whom he married on April 22, 1956, and with whom he lived in a house she owned on Plum Island. On August 1, 1956, the employee came to Taunton to live with his mother and her husband and paid her $10 a week for board and lodging in addition to $10 a week he had been giving her since she stopped working in 1955. When he died, his wife was not living with him due to a disagreement between them.

The single member stated in his decision: "I do not find that the wife was living apart for justifiable cause or because the employee had deserted her and I rule that the wife was not conclusively presumed to be a dependent. I find that the wife was not a dependent in fact; that the mother was the next of kin of the deceased employee; that the mother was partially dependent on said employee and that during the year preceding the injury which resulted in his death the mother received from him contribution of $10 per week for her support independent of gifts and gratuities which contribution she needed to fully supply her living expenses."

General Laws c. 152, § 32 (as amended through St. 1950, c. 738, § 4), provides: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death, the department shall find the wife was living apart for justifiable cause or because he had deserted her. The findings of the department upon the questions of such justifiable cause and desertion shall be final. . . ."

The reviewing board found that the employee's wife was not living with him at the time of his death. The statement that they "do not find that the wife was living apart for justifiable cause or because the employee had deserted her" is a finding that the burden of proof in this respect had not been sustained. *Uccello* v. *Gold'n Foods, Inc.* 325 Mass. 319, 321–322. *National Shawmut Bank* v. *Cumming*, 325 Mass. 457, 461. *Golding* v. *108 Longwood Ave. Inc.* 325 Mass. 465, 467. That burden was not upon the claimant. The point, if material, was open. See *Craddock's Case*, 310 Mass. 116, 124. This finding is consistent with the insurer's contention that there was no evidence to warrant the statement. The ruling that the widow was not conclusively presumed to be dependent was right, and we need not consider any question of waiver.

The question remains whether there was evidence to warrant the finding that the mother, the next of kin, was partially dependent upon the employee. We think that there was. In *Hoehn's Case*, 326 Mass. 509, a finding of the board against the existence of a relation of dependency was upheld. That case is not authority that the board in the present case was obliged to find the same way.

The decree is affirmed. Costs of appeal are to be determined by the single justice.

*So ordered.*