JAMES LEGG'S CASE.

Suffolk.    January 6, 1971. — January 29, 1971.

Present: TAURO, C.J., CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Workmen's Compensation Act*, Dependency.   *Husband and Wife*, Dependency.  *Words*, "With whom she lives."

Where it appeared in a workmen's compensation case that over the many years of the married life of the employee and his wife he periodically was absent from home for several weeks because of excessive drinking, but on each occasion continued to contribute to the maintenance of their household and eventually returned home to continue to live with his wife, and that during such an absence he was injured on the job and, after two periods of hospitalization separated by a few days in a rooming house, returned home and thereafter lived with his wife, conclusions were warranted that within G. L. c. 152, § 35A (a), she was living with him at the time of his injury and was "conclusively presumed to be wholly dependent" upon him.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Lurie*, J.

*Herbert D. Lewis (Michael D. Zibel* with him) for the employee.

*Timothy H. Donohue* for the insurer.

TAURO, C.J.   The insurer appeals from a final decree of the Superior Court which upheld the decision of the reviewing board of the Industrial Accident Board that the employee's wife, Alice M. Legg, was conclusively presumed to be wholly dependent on the employee under § 35A (a) of the Massachusetts Workmen's Compensation Act, G. L. c. 152.   There was no error.

The employee, who is receiving compensation for total disability under § 34 of the Workmen's Compensation Act, was married on January 20, 1927, to Alice Legg and they subsequently lived together as husband and wife.   For the

past nineteen years, Mrs. Legg has worked, earning about
$60 a week. During this period her husband gave her $50
a week, with which she paid the rent, utilities, and food bill
for the household. In addition, he paid for all automobile
expenses, including the garage rent. Mrs. Legg did not
drive.

About twice a year since their marriage, the employee
would "go on benders" and his wife would lock him out of
the house for about three or four weeks. During these
periods he contributed $25 for household expenses and con-
tinued to pay the expenses of the car, even though Mrs. Legg
retained possession of the car and its keys.

Early in July, 1964, the employee got drunk for the first
time that year and was locked out by his wife. On July 26,
1964, he was injured on his job and remained hospitalized
until August 17 of that year at which time he went to a
rooming house for five days. On August 22 he was again
hospitalized until February 20, 1965, when he was finally
released. He returned home, where he has since lived with
his wife.

The Industrial Accident Board was warranted in finding
that Mrs. Legg was conclusively presumed to be dependent
on her husband. G. L. c. 152, § 35A, as amended through
St. 1959, c. 566, § 4.[1] The meaning of the statutory phrase
"with whom she lives" was explained in *Nelson's Case*,
217 Mass. 467, 469: ". . . [it] means living together as
husband and wife in the ordinary acceptation and signifi-
cance of these words in common understanding. They
mean maintaining a home and living together in the same
household, or actually cohabiting under conditions which
would be regarded as constituting a family relation. There
may be temporary absences and incidental interruptions
arising out of changes in the house or town of residence, or
out of travel for business or pleasure. But there must be a

---

[1] The applicable provisions of § 35A are: "For the purposes of this section
the following persons shall be conclusively presumed to be wholly dependent
for support upon an employee: — (a) A wife upon a husband with whom she
lives at the time of his injury."

home and a life in it." In *Harrington's Case,* 297 Mass. 125, the claimant and her husband regularly lived away from each other five days a week and saw each other only on weekends. This court held (p. 126): "[W]e cannot quite say that this finding . . . [conclusive presumption] was not warranted." See *Lopes's Case,* 332 Mass. 39. Cases cited by the insurer, *Nelson's Case,* 217 Mass. 467, *Breakey's Case,* 235 Mass. 460, and *Shaw's Case,* 340 Mass. 717, can be distinguished on the facts.

During their thirty-seven years of marriage, there had been a periodic pattern of absences as a result of excessive drinking and each time the employee had returned home to continue living with his wife. During these absences he had regularly contributed to the maintenance of the household. This was their way of life for almost four decades, despite its faults and hardships. There were ample grounds on which to base a finding that there existed "a home and a life in it" for Mr. and Mrs. Legg.

*Decree affirmed.*